### MOSELEY v. MOSELEY et al.
### No. 12956.

United States Court of Appeals Ninth Circuit.

May 7, 1952.

Williamson, Hoge & Curry, Los Angeles, Cal., for appellant.

Joseph C. Singer, Los Angeles, Cal. (Pollock & Pollock, and Edward I. Pollock, by Edward I. Pollock, Los Angeles, Cal., of counsel), for appellees.

Before MATHEWS, ORR and POPE, Circuit Judges.

POPE, Circuit Judge.

The appellant, who was plaintiff below, brought this suit against his brother, Lawrence C. Moseley, and the other three appellees, for an accounting following the dissolution of an alleged partnership. After trial in the court below, whose jurisdiction derives from the diversity of the citizenship of the parties, the court awarded appellant a judgment for $26,150.70.

The court found that the partnership was dissolved on October 31, 1947, and the amount of its judgment was made up of what the court determined to be the value of the plaintiff's share of the partnership assets on that day plus a certain amount found owing to plaintiff on account of firm earnings prior to the date of dissolution. Although the judgment was thus in favor of appellant, he appeals from it on the ground that the court unduly limited the relief to which he asserts he was entitled.

Appellant's principal grievance arises from his claim that upon the dissolution of the partnership, the defendant-appellee Lawrence Moseley, without appellant's consent, retained the business and business assets and transferred them to the appellee corporations, and thereafter, with the appellee Franzus, continued to carry on the former partnership business without there having been any judicial winding up of its affairs. Appellant says that he had the right to elect whether to have the business wound up and the assets sold, or to re-

ceive in cash the value of his share of the firm property, with the further option to collect interest, or a share of the profits derived from the continued use of his assets in the carrying on of the business. He asserts that he is entitled to an accounting of the affairs of the partnership and to a disclosure of what the earnings have been since the date of the dissolution before he is required to make his claimed elections.

The facts are not in controversy and most of them were stipulated. In 1941, the two Moseleys made an investment in the stock of a corporation which was carrying on the business of manufacturing and selling soaps and sanitation chemicals at Los Angeles. Subsequently their investment was increased, and in 1943 the corporation was dissolved and its business thereafter conducted by a partnership under the name of Sanitek Products Co. The partnership was nominally one composed of Lawrence C. Moseley and Edward S. Franzus, co-partners, but one-half of the interest of Lawrence C. Moseley in that firm was owned and represented contributions by appellant, Clarence W. Moseley. In 1945, Clarence and Lawrence Moseley executed a written agreement reciting the manner in which they had made equal contributions to the firm assets, and stipulating that Lawrence held his share "in the partnership composed of himself and Edward S. Franzus and known as Sanitek Products Co., in trust for the benefit of himself and Clarence W. Moseley upon the uses and trusts herein contained;" that such share or interest belonged to Lawrence and Clarence equally, 50% for each; that all ordinary earnings attributable to the Moseley share should be apportioned 75% to Lawrence and 25% to Clarence. It was further provided that Lawrence should devote his full time and attention to the business; that he would diligently represent and protect his interest and that of Clarence, and would faithfully account to the latter. Paragraph 5 of the agreement recited further: "5. It is mutually agreed that Lawrence C. Moseley shall have the sole right to represent said partnership interest and to make all decisions and take all action in respect thereto, and, subject to the obligation to account to

Clarence W. Moseley, as aforesaid, shall have all rights and powers with respect to said partnership interest which he would have were said interest his own property free of these trusts." The agreement contained no provision as to how long the arrangement therein stated should continue.

On November 12, 1947, Lawrence wrote Clarence a letter advising him that as of the end of the preceding month Sanitek Products Company went out of business and was succeeded by Sanitek Products Inc. He stated that thereafter he and Franzus would each receive $1500 per month as salary, Lawrence's $1500 to be exclusively his own. He proposed to either buy Clarence out for an amount yet to be ascertained or to give him one-fourth of the dividends of the new corporation. Clarence was advised that "if neither plan suits you you will have to take me into court". The suit for the accounting followed.

Appellant does not question the correctness of the court's finding as to the value of his interest in the partnership assets as of October 31, 1947, when Lawrence Moseley undertook to bring the partnership or sub-partnership to a conclusion. But appellant predicates the point which he makes upon this appeal upon the asserted proposition that although Lawrence had the right thus to terminate the arrangement, he had no right in the absence of an agreement on the part of Clarence to take unto himself the assets which both had theretofore jointly owned, without any judicial winding up of the business, and without affording Clarence an opportunity to bid for the same upon a winding-up sale. He objects to Lawrence's continued use of the assets, including the good will, in carrying on substantially the same business from which Clarence was now entirely excluded. Appellant says that Lawrence Moseley owed him a fiduciary duty; that this trust obligation arose not merely from the rules generally applicable to a partnership, but from the fact that the written agreement of the parties expressly declared Lawrence to be a trustee. Appellant says that the circumstances under which Lawrence brought the joint enterprise to an end, took over the business and excluded Clarence therefrom,

are such that Clarence should now be permitted to follow the trust property and to claim the same and the avails thereof in the same manner in which the wronged beneficiary of any trust is permitted to do.

It is conceded that Franzus had knowledge of the arrangement between Clarence and Lawrence Moseley. It would appear that he and the corporate appellees would be chargeable with notice such that they would take the property transferred to them subject to the claims of Clarence.

On behalf of appellant it is said that he was entitled to two elections: First, he claims the right to determine whether he will elect to receive the value of his interest in the partnership assets as of the date of dissolution, together with interest, or an accounting of subsequent profits, or whether he will demand a judicial winding up of the partnership affairs, accompanied by a sale of the assets at which he himself would be permitted to bid. Second, appellant says that if he should elect to take the value of his half of the partnership assets, (which he concedes the court has correctly determined), he then has the further election to receive either interest upon that sum from the date of dissolution, or an accounting of a share of the profits derived from the use of the assets by Lawrence subsequent to that date.

Without conceding the correctness of the principles thus advanced by the appellant, the appellees assert that they in any event have no application here because the written agreement between the parties expressly authorized Lawrence to do as he did with the partnership assets without accounting for anything other than that which the court has by its judgment awarded.

An examination of the applicable California law has convinced us that aside from any special contractual arrangement

here made, the appellant's claim to an accounting for profits earned by use of the joint assets subsequent to dissolution must be sustained. Recently, in the case of Nuland v. Pruyn, 99 Cal.App.2d 603, 222 P. 2d 261, (hearing denied by the Supreme Court), the rights of a former partner whose associate took over and used the partnership business and property after dissolution and without an accounting, was stated to be as follows, 222 P.2d at page 268: "If the partnership was by the notice rightfully dissolved on September 6, 1944, appellants' rights would have been as follows: They would have been entitled to have their ownership in the assets determined as of that date and paid over to them in money or in kind; if this was not done and their property was used in the business they would have had, on account being taken, an election to receive their property and to share in the profits made thereafter in the proportion their property bore to the whole or to be paid interest on the value of their property so used."[1] The court also referred to the earlier California decisions of Painter v. Painter, 4 Cal.Unrep.Cas. 636, 36 P. 865, Id., 6 Cal.Unrep.Cas. 677, 65 P. 135; and Ruppe v. Utter, 76 Cal.App. 19, 243 P. 715. In the last named case, the court was dealing with a controversy between two members of a partnership which had been dissolved. After alluding to the fact that thereafter each of the former partners had the right to go into business for himself, the court said, 76 Cal.App. at page 25, 243 P. at page 717: "Defendant, of course, had the same right. In the exercise of this right, however, he was not authorized to prolong his possession of the assets of the firm for the purpose of continuing the business and deriving profits therefrom. Having done so, he must be held to account to his retiring partner for any profits so made."

---

1. The court referred with approval to the annotation upon the subject "accountability of partner or joint adventurer for profits earned subsequently to death or dissolution" found at 80 A.L.R. 12, where the general rule is stated as follows: "It may be laid down as a general rule that, in the absence of special circumstances and subject to just allowances and deductions, where profits are made by a partner or joint adventurer subsequently to death or dissolution, through employment of the firm assets or in continuation of the business of the firm, he is accountable therefor to his copartner or co-adventurer or to the latter's legal representatives."

We note that although the arrangement between Clarence and Lawrence Moseley perhaps would be more accurately described as a sub-partnership, yet in legal contemplation it must be regarded as covered by the rules generally applicable to other partnerships. This being so, the right of Clarence to an accounting of subsequently earned profits would, in the absence of a contract to the contrary, seem to be clear under the California decisions we have noted, and although neither party has relied upon it, it would appear to us that § 15042 of the California Corporations Code,[2] which is a section of the Uniform Partnership Act, declares the same rule expressed in Nuland v. Pruyn, supra. The section refers to the situation where a partnership is dissolved and the business is continued "under any of the conditions set forth in § 15041 (1, 2, 3, 5, 6), or § 15038(2b)". The conditions thus referred to are where "the business is continued without liquidation of the partnership affairs." In substance, the section provides that when a partner retires and the business is continued without liquidation of the partnership affairs, and without any settlement of accounts, as between the retiring partner and the person continuing the business, the retiring partner "may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option * * * in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership".

This section would appear to be an implementation of the declaration contained in § 15021 of the same code that "every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, *or liquidation of the partnership or from any use by him of its property.*" (Emphasis added.)

A careful examination of the written agreement between Clarence and Lawrence Moseley fails to disclose any stipulation or arrangement which would operate to deprive Clarence of the ordinary rights of a retiring partner under the circumstances here present. Appellees place principal reliance upon paragraph 5 of the contract quoted above, by which Lawrence is given "the sole right to represent said partnership interest and to make all decisions and take all action in respect thereto", etc. But this, we think, amounts to no more than a grant of management powers. It is expressly subject to the obligation to account to Clarence. Elsewhere in the agreement provision is made for the division of the profits and earnings, and it is recited that "upon any dissolution, liquidation or other termination of the partnership, the interest of the parties hereto shall be adjusted accordingly." We find nothing in the agreement which would alter the rights granted by § 15042, supra, to a retiring partner whose copartner has, as here, continued the business without a settlement of accounts with him. We hold that that section states the limit and the extent of appellant's right. The right of election which appellant has thereunder is one which he should be permitted to exercise after an accounting shall

2. At the time of the partnership dissolution, this was § 2436 of the Civil Code. The section is as follows: "§ 15042. Rights of retiring partner or estate of deceased partner when the business is continued. When any partner retires or dies, and the business is continued under any of the conditions set forth in Section 15041(1, 2, 3, 5, 6), or Section 15038(2b) without any settlement of accounts as between him or his estate and the person or partnership continuing the business, unless otherwise agreed, he or his legal representative as against such persons or partnership may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option or at the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership; provided, that the creditors of the dissolved partnership as against the separate creditors, or the representative of the retired or deceased partner, shall have priority on any claim arising under this section, as provided by Section 15041(8) of this act."

have been taken of the earnings subsequent to dissolution. Otherwise, the right of election would be an illusory one.

Upon such an accounting the appellant's interest in the earnings must be limited to the 25% stipulated in the written agreement. In the calculation of the earnings of the whole enterprise attributable to the Moseleys' end of the business, any salary paid or payable to Lawrence Moseley must be included along with other earnings of the business whether heretofore distributed or otherwise. After such accounting shall have been made and the amount thereof stated, the appellant shall be entitled to make the election aforesaid and judgment shall be entered in accordance with such election.

The judgment should provide that the court retains jurisdiction over all the defendants to the end that if the defendant Moseley shall not, as the person primarily liable thereon, satisfy said judgment, it may be enforced against the other defendants to the extent that assets constituting a portion of appellant's share in said firm may have come into their hands.

The case is remanded with directions to set aside the judgment and proceed in accordance with this opinion.