[L. A. No. 24771.   In Bank.   Apr. 21, 1959.]

CLAUDE F. CASIDA, Appellant, v. HOLLIS B. ROBERTS, Respondent.

Morris B. Chain and William E. Swiney for Appellant.

Baker, Palmer, Wall & Raymond and Claude F. Baker for Respondent.

GIBSON, C. J.—This action, in which plaintiff seeks an accounting, arose out of an oral partnership agreement by plaintiff and defendant to mine gypsum on leased land known as section 13 and to share equally in any profits. On February 20, 1952, after operating for five days, the partnership was dissolved. Defendant continued to carry on the business

for at least two months, and he made no accounting to plaintiff prior to the commencement of this action. The trial court, without determining the value of plaintiff's partnership interest as of the date of dissolution, found that the amount of profits from the mining operations was $3,509.10, of which plaintiff was entitled to half, and judgment was entered accordingly. Plaintiff has taken this appeal, contending that he should have been allowed the value of his partnership interest as of the time of dissolution and that errors were made in determining the amount of profits.[1]

Section 15042 of the Corporations Code governs the rights of the parties here. That section provides two ways of calculating the amount of plaintiff's recovery, and, under both, he is entitled to the value of his share of the business as of the time of dissolution, together with an additional allowance consisting, at his option, of either interest on that value or the profits attributable to the use of his right in the property of the dissolved partnership.[2] The two methods differ only with respect to the additional allowance which plaintiff has the option of claiming; under either he has a right to his share of the partnership property as of the date of dissolution. (See *Vangel* v. *Vangel, ante,* p. 510 [334 P.2d 863]; *Vangel* v. *Vangel,* 45 Cal.2d 804, 808 [291 P.2d 25, 55 A.L.R. 2d 1385].) The court thus erred in failing to determine the value of plaintiff's share of the business as of the time the partnership was dissolved.

There is no merit in the argument that plaintiff neglected at the trial to seek a valuation of his share of the property and may not now complain of the failure to make

---

[1]This is the second appeal in this matter. On the first appeal a judgment establishing the existence of the partnership agreement was affirmed, and a judgment following an accounting was reversed for a retrial of the entire accounting issue. (*Casida* v. *Roberts,* 132 Cal.App.2d 228 [281 P.2d 901].)

[2]Section 15042 of the Corporations Code provides: ''When any partner retires or dies, and the business is continued under any of the conditions set forth in Section 15041 (1, 2, 3, 5, 6), or Section 15038(2b) without any settlement of accounts as between him . . . and the person . . . continuing the business, unless otherwise agreed, he . . . may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option . . ., in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership; . . .''

The provisions of sections 15041 and 15038 referred to relate to continuance of the business upon the happening of certain events such as assignment of a partner's interest or his death, retirement or expulsion from the partnership.

a finding on this issue. He pleaded a cause of action for an accounting, and section 15042 provided that recovery from the continuing partner should include an allowance for his former partner's share of the business. Moreover, plaintiff expressly relied on the statute in his opening statement, referring to the lease under which the mining was done and stressing that the statute required a determination of the value of the lease as of the date of dissolution, and he introduced evidence regarding that value.

If the trial court had determined the value of plaintiff's share of the partnership business, the amount of his recovery might have been significantly changed. In this connection plaintiff claims that he had a half interest in the mining lease at the time of dissolution, and there was evidence which would have supported a finding that the lease was of considerable value. Defendant argues that the salable gypsum was exhausted when he ceased operations, that the lease at no time had a value over and above the profits ultimately realized from the mining operations, and that, therefore, plaintiff was entitled only to his share of the profits. ■ Obviously, however, the statute was intended to put the risk of operating the business after dissolution on the continuing partner, and the value of the share to which plaintiff is entitled must be measured in the light of facts existing when the partnership was dissolved, including the estimated amount of gypsum remaining in the ground and the prevailing market price. The amount of profit finally realized would not necessarily reflect the value of the partnership at the time of dissolution, since the business could have been affected in the intervening period by a number of factors unconnected with the value on that date, such as changes in the market price of gypsum or in anticipated expenses.

■ In order to give effect to section 15042, the court was required not only to determine whether and to what extent plaintiff had rights in the partnership property as of the time of dissolution, but also to calculate the amount of subsequent profits, if any, attributable to the use of such rights, taking into consideration the lessening of the value of the lease due to depletion of the gypsum deposits. The judgment should have awarded plaintiff the value of whatever share of the business he owned when the partnership was dissolved, and, in addition, depending upon his election, either (a) subsequent profits attributable to the use of his share of the business or (b) interest on the value of his share. ■ It

should be noted in this connection that plaintiff was entitled to have the accounting made before being compelled to choose between profits and interest. (See *American Pacific Dairy Products* v. *Siciliano*, 235 F.2d 74, 84; *Moseley* v. *Moseley*, 196 F.2d 663, 666-667 [applying California law]; *Wikstrom* v. *Davis*, 211 Ore. 254 [315 P.2d 597, 607].) Under the circumstances the entire accounting issue must be retried, and it is unnecessary to consider other claims of error made by plaintiff.

The judgment is reversed.

Shenk, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.