[No. B032379. Second Dist., Div. Seven. Mar. 19, 1990.]

Estate of SEYMOUR ZUCKER, Deceased.
RALPH BENSON, as Administrator, etc., Petitioner and Appellant,
v.
GERALD S. RUBIN, Claimant and Appellant.

**COUNSEL**

Ralph R. Benson, in pro. per., and Donald J. Horvath for Petitioner and Appellant.

Antin, Magasinn, Stern, Litz & Grebow and Arthur Grebow for Claimant and Appellant.

OPINION

**JOHNSON, J.**—In this case, we consider whether the trial court properly concluded the provisions of Corporations Code section 15042 did not apply where the partnership agreement set forth the method by which the partnership assets were to be valued upon the death of a partner.[1] We conclude the valuation provision contained in the partnership agreement did not operate to bar the estate from receiving interest pursuant to section 15042. The judgment is reversed with directions that the estate be awarded interest pursuant to section 15042. The judgment is otherwise affirmed.

STATEMENT OF FACTS AND PROCEEDINGS BELOW

On January 1, 1966, Seymour Zucker (Zucker) and Gerald S. Rubin (Rubin) entered into a partnership agreement (the Agreement) to develop and operate income-producing properties. The Agreement provided: "11. In the event of the death of either partner, the deceased partner's interest in the partnership business shall be computed at the value determined as hereinafter set forth in Paragraph 12 as of the date of his death. The surviving partner shall have the option to liquidate the partnership business and terminate the partnership or elect to purchase the partnership interest from the estate of the deceased partner. If the surviving partner elects to purchase the partnership interest of the deceased partner, notification of such election shall be made in writing to the estate of the deceased partner within sixty (60) days after the death of such partner.

"12. *Valuation:* The value of a partner's share and the terms [of] purchase for the purposes of the option-to-purchase provisions of this agreement shall be determined as of the last day of the month in which the death occurred or the withdrawal was made and shall be valued by mutual agreement between the legally capable parties with all real estate being valued at current market values and likewise the terms and conditions of payment shall be determined by mutual agreement. If the legally capable parties can not [*sic*] mutually agree upon a value or terms and conditions, then they shall mutually select an appraiser to determine such value and terms and conditions. If the legally capable parties can not [*sic*] agree upon a single appraiser, then they shall select a third appraiser and the decision of the majority of the appraisers as to valuation and terms and conditions shall be conclusive upon the legally capable parties."

The partnership conducted its business until Zucker's death in February 1983. Appellant Ralph Benson (Benson) was appointed administrator of

---

[1] All statutory references are to the Corporations Code unless we specify otherwise.

Zucker's estate. Rubin elected to purchase the estate's interest in the partnership on March 30, 1983.

Benson and Rubin were unable to agree on the value of the partnership assets or a single appraiser to value the assets. Their appointed appraisers could not agree on the value of the partnership or on a third appraiser as provided in paragraph 12 of the Agreement. Consequently, the trial court appointed Arthur Anderson & Company as the third appraiser.[2]

Arthur Anderson & Company ultimately appraised the estate's interest in the property to be $4,632,916. This calculation was based in part upon Judge Pacht's ruling that paragraph 6 of the Agreement, which describes the manner in which profits and losses are distributed among the partners, governed the division of the partnership assets.

Judge Pacht rejected Benson's request for interest on this amount calculated from the date of Zucker's death pursuant to section 15042. Judge Pacht denied this request in part because the Agreement set forth the method by which the estate's interest was to be valued, thereby precluding application of section 15042.[3]

Upon Rubin's motion, the trial court adopted Judge Pacht's findings and recommendations concerning the estate's interest in the partnership and the denial of interest. The estate was awarded interest from the date of the appraisal.

Benson timely appealed from the order and argues on appeal the estate is entitled to interest calculated from the date of Zucker's death pursuant to section 15042. Rubin conditionally cross-appealed, arguing that if we conclude section 15042 applies and the estate is entitled to interest, we should also reverse Judge Pacht's conclusion that paragraph 6 of the Agreement determines the parties' respective interests in the partnership assets.

---

[2] The trial court appointed a special referee to resolve the various disputes which arose during the litigation. The first referee subsequently moved to be relieved of the reference and the trial court appointed former Superior Court Judge Jerry Pacht as the new referee.

[3] Section 15042 provides: "When any partner retires or dies, and the business is continued . . . without any settlement of accounts as between him or his estate and the person or partnership continuing the business, *unless otherwise agreed,* he or his legal representative as against such persons or partnership may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option or at the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership; . . ." (Italics added.)

DISCUSSION

I. *The Partners Did Not "Otherwise Agree" to the Method of Valuing the Estate's Interest in the Partnership so as to Render Section 15042 Inapplicable.*

 Benson argues the trial court erroneously held section 15042 did not apply here because Zucker and Rubin provided for an alternate method of valuing the partnership in the Agreement. We agree.

In deciding this issue we must construe both the Agreement and section 15042. The construction of a statute and its application to the facts are questions of law. (*Dean W. Knight & Sons, Inc.* v. *State of California* ex rel *Dept. of Transportation* (1984) 155 Cal.App.3d 300, 305 [202 Cal.Rptr. 44].) We therefore review the construction of section 15042 de novo.

 The construction of a written agreement is also a question of law unless the trial court's interpretation of that agreement was based upon conflicting evidence. (*Parsons* v. *Bristol Development Co.* (1965) 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839]; *Pacific Gas & Electric Co.* v. *Zuckerman* (1987) 189 Cal.App.3d 1113, 1143 [234 Cal.Rptr. 630].) Here, there was no conflicting extrinsic evidence admitted concerning the contracting parties' intent as to valuation and the right, if any, to interest or future profits. Indeed, no evidence was presented suggesting the parties ever contemplated the application of section 15042 or an estate's right to profits or interest following the surviving partner's election to continue the business. We therefore construe the Agreement de novo.

Benson contends section 15042 treats the valuation of the estate's interest in the partnership separately from the right to interest or profits. This construction of section 15042 is supported by the various case authority construing this statute.

Section 15042 is part of California's Uniform Partnership Act (§ 15001 et seq.) and is taken directly from the model Uniform Partnership Act which has been enacted in 49 states, plus the District of Columbia, Guam, and the Virgin Islands.[4] Although section 15042 has only been construed infrequently for purposes of our analysis here, various jurisdictions have considered the identical statute in analogous circumstances.

 As Benson argues, the purpose underlying section 15042 is twofold: To account to the representatives of the decedent for the value of the decedent's share as of the date of his death and, secondly, to account for any profits or interest which may be attributed to that value. (See *Casida* v.

---

[4] Section 42 of the model Uniform Partnership Act is identical to section 15042.

*Roberts* (1959) 51 Cal.2d 853, 855 [337 P.2d 829]; *Vangel* v. *Vangel* (1955) 45 Cal.2d 804, 808-809 [291 P.2d 25, 55 A.L.R.2d 1385]; *Moseley* v. *Moseley* (9th Cir. 1952) 196 F.2d 663, 666 [construing § 15042].) Thus, courts have only found the statutory right to profits or interest is precluded by the partnership agreement where the agreement specifically addresses the issue of interest or specifically limits the amounts owed to the decedent partner's estate.

For example, in *Harris* v. *Klure* (1962) 205 Cal.App.2d 574 [23 Cal.Rptr. 313], the partnership agreement provided the deceased partner's estate was entitled to interest calculated from the time of death at a rate of five percent. The Court of Appeal concluded this provision precluded the estate from electing a share of the profits under section 15042. "[W]here a partnership agreement provides that a surviving partner may continue the partnership business after death, may purchase the deceased partner's share therein, and upon purchase shall pay interest on the value thereof from date of death, an election is made in the partnership agreement to accept interest in lieu of a share of any profits from the surviving partner's continued operation of the business in the event he makes such purchase." (*Id.* at p. 584.)

In *Heath* v. *Spitzmiller* (Mo. 1983) 663 S.W.2d 351, the partnership agreement provided the withdrawing partner was not entitled to interest on the amounts owed to him. (*Id.* at p. 354.) The court found that since the agreement expressly prohibited the payment of interest, the partners otherwise agreed and the withdrawing partner was not entitled to interest or profits under the partnership act. (*Ibid.*; see also *Devlin* v. *Rockey* (7th Cir. 1961) 295 F.2d 266, 269 [withdrawing partner was not entitled to interest under the partnership act where the partnership agreement provided the withdrawing partner's right to partnership assets was limited solely to the amounts set forth in the agreement]; *Sorokach* v. *Trusewich* (1953) 13N.J. 363 [99 A.2d 790, 793] [estate held not entitled to profits under the partnership act where, under the partnership agreement, such profits would be barred].)

 Here, the agreement is silent concerning the payment of either interest or profits following the death of a partner. Paragraph 12 is limited *exclusively* to the method by which the assets are to be valued. Thus, while the partners otherwise agreed to how the partnership was to be valued, they did not otherwise agree interest or future profits were not recoverable. Absent such an agreement, the estate is entitled to interest under section 15042 at the statutory rate.[5]

---

[5] Rubin incorrectly argues the Agreement must be construed against the estate because Zucker drafted the Agreement. A contract is only construed against the drafting party if it is ambiguous. (Civ. Code, § 1654; see *Victoria* v. *Superior Court* (1985) 40 Cal.3d 734, 745 [222

■ Rubin argues the estate should not be entitled to interest even if section 15042 applies because Benson unreasonably delayed the appraisal process to increase his own fees. However, Judge Pacht did not find Benson or the estate acted improperly. In his recommendations, he only found the appraisal was delayed and the delay was *in part* attributable to the estate. This would suggest delay was attributable in part to Rubin as well.

Absent findings of either bad faith on the part of the estate or greater attribution of delay to the estate, principles of equity are not served by penalizing Zucker's heirs for what was obviously a fair amount of acrimony and legal wrangling from both sides. (Cf. *Freese* v. *Smith* (1952) 114 Cal.App.2d 283, 290-291 [250 P.2d 261].)

■ Rubin also argues Benson waived any right to elect to take interest pursuant to section 15042 because the election was not made until after the judgment was entered. This argument ignores the fact an election is not required until after the accounting is completed. (*Casida* v. *Roberts, supra*, 51 Cal.2d at p. 857; see *Moseley* v. *Moseley, supra*, 196 F.2d at pp. 666-667.) When the accounting was completed here, Judge Pacht recommended interest be denied. Therefore, Benson was not in a position to formally elect to take interest rather than profits since such an election would be a nullity in light of Judge Pacht's recommendation. (Civ. Code, § 3532 ["The law neither does nor requires idle acts"].)

Further, it is clear from Judge Pacht's recommendations concerning interest and section 15042 itself, Benson at the very least implicitly elected to take interest pursuant to section 15042. (See *Vangel* v. *Vangel* (1959) 51 Cal.2d 510, 522 [334 P.2d 863] [party held to elect to take profits based upon position asserted on appeal].)

■ Finally, Rubin asserts the entire appraisal must be reversed if we conclude section 15042 applies since Judge Pacht's recommendations concerning valuation are inextricably intertwined with the issue of interest. This argument is specious.

Whether section 15042, as it relates to interest or future profits, applies here is wholly unrelated to the appraisal of the partnership assets or the method by which the appraisal was conducted. The issue of interest is therefore severable from the remainder of the judgment and partial reversal is proper. (See *Interstate Group Administrators* v. *Cravens, Dargan & Co.* (1985) 174 Cal.App.3d 700, 710 [220 Cal.Rptr. 250]; 9 Witkin, Cal. Procedure (3d ed. 1985), Appeal, § 642, p. 624.)

---

Cal.Rptr. 1, 710 P.2d 833].) There is no ambiguity here; the agreement simply does not go to the issue of future profits or interest.

II. *Rubin Failed to Object to the Referee's Recommendations Concerning the Method by Which the Partnership Was to Be Valued and Therefore May Not Assert Any Error on Appeal.*

■ Rubin conditionally cross-appealed from the judgment arguing the trial court erroneously determined the parties' respective interests in the partnership based upon paragraph 6 of the Agreement. We conclude this issue was waived below.

Judge Pacht, after considering Arthur Anderson & Company's report and conducting an evidentiary hearing, concluded paragraph 6 applied to Rubin's purchase of the partnership. This conclusion was included in his report to the trial court.

"The failure to file a written objection to the contents of the referee's report or to properly move to set aside the report results in the waiver of the right to object to the referee's findings." (*Martino* v. *Denevi* (1986) 182 Cal.App.3d 553, 557 [227 Cal.Rptr. 354]; see Code Civ. Proc., § 645.) As Rubin concedes, he never objected to the referee's report or moved to set the report aside on grounds paragraph six did not apply. To the contrary, he strenuously urged the trial court to adopt the report in its entirety asserting the findings and conclusions were "supported by substantial evidence and said findings and conclusions are fair, just and equitable to the parties thereto and should be adopted by this Court." Having done so, Rubin waived any objections to the report. (*Ibid.*; see generally, 9 Witkin, Cal. Procedure, *supra*, § 302, pp. 313-314.)

## DISPOSITION

The judgment is reversed with directions to award Zucker's estate interest pursuant to section 15042. The judgment is affirmed in all other respects. Each side is to bear his own costs on appeal.

Lillie, P. J., and Woods (Fred), J., concurred.

The petition of appellant Rubin for review by the Supreme Court was denied June 27, 1990.