**John KING and Veronica King, Appellants,**

v.

**Earl D. EVANS, et al., Appellees.**

No. 04–88–00348–CV.

Court of Appeals of Texas, San Antonio.

March 30, 1990.

Rehearing Denied June 27, 1990.

---

**532**

Thomas Crofts, Jr., Ruth E. Greenfield, Groce, Locke & Hebdon, San Antonio, for appellants.

Shirley Selz, Valerie M. Fogleman, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellees.

Before CADENA, C.J., and PEEPLES and BIERY, JJ.

OPINION

BIERY, Justice.

This appeal follows a suit filed by appellees, Earl D. Evans and Mary Elizabeth Evans, against appellants, John King and Veronica King, for Mr. Evans' interest as a former partner in a partnership with Mr. King. The primary asset in dispute is a 725–acre tract of land in Jim Wells County, Texas, which appellees claim is a partnership asset.

The jury found favorably for appellees on all issues. The trial court entered a judgment awarding appellees one-half of the net cash value of the partnership as of the date of dissolution plus prejudgment and postjudgment interest, attorney fees and costs. Appellants advance three points of error in which they challenge the trial court's finding of the land as a partnership asset; the recovery of monetary damages for the land's 1981 value rather than a partitioning of the land; and the award of prejudgment interest. The appellees raise one cross-point of error in which they contend that pursuant to TEX.R.APP.P. 84, we should assess a 10 percent penalty against appellants for filing a frivolous appeal. We overrule all points of error by appellants and the sole cross-point by appellees, and we affirm the judgment of the trial court. We will address appellant's third point of error first, after which we will discuss the first and second points respectively.

In their third point of error, appellants challenge the trial court's finding of the land as a partnership asset. Appellants support this point of error with four subarguments. First, appellants assert that appellees' claim to the land is barred by the absence of a written document of contract or conveyance. Second, there is no finding that the land was purchased with partnership property, and the evidence is factually insufficient to support such a finding. Third, the jury's finding about confidential relationship and unjust enrichment do not support the judgment and, alternatively, are not supported by factually sufficient evidence. Finally, there is no finding that Veronica King's legal interest, as established by the deed to her and John King, could be deemed as an asset of the partnership.

When land is acquired for partnership purposes but is held in one partner's name, the partnership's claim to the land is not barred by absence of a written document of conveyance. *Davis v. Sheerin*, 754 S.W.2d 375, 387 (Tex.App.—Houston [1st Dist.] 1988, writ denied). Appellants' first and third arguments within this point

of error are premised on the notion that the finding of the land as a partnership asset is based on either an express trust or a constructive trust cause of action. The court's finding, however, was clearly based on the following jury responses to special issues: that John King and Earl Evans did agree in 1969 to form a farming partnership; that this agreement was reached before John King and Veronica King received title to the land; and that John King and Earl Evans did agree that the farming partnership would include ownership of the land. Therefore, appellants' arguments with respect to an express trust and a constructive trust are irrelevant and without merit. We will, however, address appellants' remaining two arguments within this point of error below.

First, appellants assert that there is no finding that the land was purchased with partnership property, and the evidence is factually insufficient to support such a finding. This argument suggests that the only way the land could be a partnership asset is for it to have been purchased with partnership property. We disagree.

■ The Texas Uniform Partnership Act states: *"All property* originally brought into the partnership stock or subsequently *acquired by purchase* or otherwise, *on account of the partnership, is partnership property."* (emphasis added) § 8(1).[1] It is neither illegal nor improper for a partner to make a loan to a partnership of which he is a member. *Park Cities Corp. v. Byrd,* 522 S.W.2d 572, 576 (Tex. Civ.App.—Beaumont 1975), *rev'd on other grounds,* 534 S.W.2d 668 (Tex.1976). Advances of money to the partnership by one partner to discharge partnership obligations are nothing more than loans to the partnership, and the party advancing them becomes a creditor of the partnership. *Paggi v. Quinn,* 179 S.W.2d 789, 793 (Tex. Civ.App.—Amarillo 1944, writ ref'd w.o. m.).

■ The record reflects that the land was acquired on behalf of the partnership as partnership property. Furthermore, there is sufficient evidence to support appellees' contention that appellants' advances for purchase of the land were reimbursed out of partnership income by the end of July 1981. Finally, appellants offer no authority to suggest that in order for the land to be a partnership asset, it must have been purchased with partnership property. Therefore, we cannot sustain appellants' third point of error based on this argument.

■ Appellants' final argument under this point of error pertains to Veronica King's interest in the land. John and Veronica King recorded title to the land under their names. Appellants argue that there is no finding to establish that Veronica King's legal interest in the land could be deemed an asset of the partnership.

The fact that the deed to the land was taken in appellants' names is not conclusive in determining whether the land was a partnership asset. *Logan v. Logan,* 138 Tex. 40, 156 S.W.2d 507, 512 (1941). Whether property used in the partnership operation is owned by the partnership is a question of intention. *Id.; Littleton v. Littleton,* 341 S.W.2d 484, 489 (Tex.Civ.App.— Houston [14th Dist.] 1960, writ ref'd n.r.e.). The evidence supports the jury finding that the partners agreed the land would be owned by the partnership. Thus, although legal title rests in the names of John and Veronica King, equitable title always remained in the partnership. *Miller v. Howell,* 234 S.W.2d 925, 929 (Tex.Civ.App.— Fort Worth 1950, no writ). Therefore, the land was properly considered a partnership asset.

Appellants cite *Nolana Development Ass'n v. Corsi,* 682 S.W.2d 246 (Tex.1984), to support their position that only if a purchase money resulting trust had been established could the rights of Veronica King, a non-partner, be affected. We disagree.

In *Corsi,* Nolana Development Association, a partnership, owned a tract of land which was placed in Ann Corsi's name as

---

1. All references to sections are citations to the Texas Uniform Partnership Act, TEX.REV.CIV. STAT.ANN. art. 6132b (Vernon 1970 & Vernon Supp.1990).

trustee. *Corsi*, 682 S.W.2d at 248. In addition, Ann Corsi signed a letter without restriction "as trustee" to be responsible for a certain portion of the mortgage debt associated with the property. *Id.* at 250. The partners in Nolana were Robert Conine, Lucille Hendricks and Manny Corsi, Ann's husband. The name "Nolana" appeared neither on the note nor on the deed of trust. *Id.* at 248.

The Texas Supreme Court held:

[Manny] Corsi, Conine and Hendricks each owned a one-third interest in the property. The property sold for the outstanding indebtedness. Conine and Hendricks' interests in the property were thus burdened with two-thirds of the additional $49,000 and the interest and penalties thereon for which Corsi was solely liable. Corsi's interest satisfied the other one-third.

We therefore hold that Nolana is entitled to recover from Ann Corsi two-thirds of $49,000 in addition to two-thirds of the interest and penalties charged on the $49,000.

*Id.* at 250.

The holding in *Corsi* does not alter the general rule of looking to the intention of the parties to determine whether an asset is partnership property. If anything, *Corsi* strengthens appellees' position. The Nolana property was placed in the name of Ann Corsi, a non-partner.[2] Similarly, in this case, the record shows that it was the intent of the parties that the property be a partnership asset, even though the deed to the property was recorded under the names of a partner and a non-partner.[3]

In summary, the record supports the jury finding that the land is a partnership asset. It was not necessary for the land to be paid for originally by partnership assets. Nor was it impermissible for the title of the land to be recorded under the name of a partner and a non-partner. Point of error three is overruled.

In their first point of error, appellants challenge on six grounds the monetary recovery for the land's 1981 value rather than a partitioning of the land. First, appellants argue that appellees pleaded only for a partition of the land. Second, partition of partnership land, as opposed to any other form of accounting and distribution, is required in the absence of evidence that the land is not susceptible to partition. Third, the value of property at the time of dissolution is immaterial to an accounting and distribution of partnership assets. Fourth, the award of damages for the 1981 land value and attorney fees, without the prerequisite accounting and distribution of assets, amounts to an erroneous attempt to compensate appellees for unproven injury supposedly resulting from appellants' failure to deliver a deed. Fifth, as a matter of law, a breach of contract to deliver a deed would not entitle the grantee to damages equivalent to the land's value at the time. Finally, there is no finding or evidence that the appellees were damaged by appellants' failure to deliver a deed in 1981.

Appellants' first argument, that appellees pleaded only for a partitioning of the land, is incorrect. According to their pleadings, appellees requested multiple and alternative forms of relief, including but not limited to partitioning of the land. In addition to partition, appellees sought: a declaratory judgment stating that Mr. Evans is the rightful owner of 50% of the land; an accounting of the proceeds of the partnership operation; an ascertaining of the interests of the partners in the land, assets and proceeds of the partnership; an order of payments between the parties thereby ad-

**2.** The deed referred to Ann Corsi as "trustee," but the Texas Supreme Court stated that such a designation does not create a trust. *Corsi*, 682 S.W.2d at 249. In that case, the court found that an express trust had not been created. *Id.* at 249–50.

**3.** The Supreme Court in *Corsi* referred to the setup as a "curious" arrangement but chose not to offer an explanation as to why the parties conducted business in the manner in which they did. *Corsi*, 682 S.W.2d at 248 n. 1. The record in this case indicates that appellants and appellees were close friends and, therefore, may have conducted their business affairs in a casual manner. Nevertheless, an explanation as to why title was taken in appellants' names is not necessary to dispose of this issue.

justing their respective accounts; attorney fees; and court costs.

In their second, third and fourth arguments under this point of error, appellants suggest that appellees are not entitled to one-half the value of the partnership assets, including the land, as of the date of dissolution. Instead, appellants argue that the relief, if any, to which appellees are entitled is a partitioning of the land.

If dissolution of a partnership is caused by expulsion of a partner, and if the expelled partner is discharged from all liabilities, he shall receive in cash only the net amount due him from the partnership. § 38(1). If the business is not wound up but instead continued, with or without agreement, the noncontinuing partner may elect between one of two alternatives. First, he may force a liquidation, taking his part of the proceeds and thus sharing in profits and losses after dissolution. § 42; *Cauble v. Handler*, 503 S.W.2d 362, 366 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.). Alternatively, he may permit the business to continue (or accept the fact that it has) and claim as a creditor the value of his interest at dissolution. *Id.* If the noncontinuing partner selects the latter alternative, he has an additional election to receive either interest or profits from the date of dissolution. *Id.*

Appellees presented testimony that the land was part of the farming business owned by the partnership. Furthermore, accountants and appraisers testified as to the value of the land at dissolution. Based on this testimony, the jury found that the partnership owned the tract of land in dispute and that Mr. King was in possession of the land and continued to operate it after July 31, 1981, the date of dissolution. In addition, the jury determined from the evidence that the value of Mr. Evans' partnership interest at the date of dissolution was $203,198.00. Therefore, appellees were entitled to that sum, which represented Mr. Evans' interest in the partnership property at the date of dissolution.

Although it appears to create an inequitable situation for Mr. King, we cannot contest this conclusion. It is in compliance with the clear mandates of Section 42 of the Texas Uniform Partnership Act. The rule that a retiring partner can claim the value of his interest at the date of partnership dissolution has been carefully considered. The legislature derived Texas partnership law almost verbatim from the Uniform Partnership Act (UPA), which originated with the National Conference of Commissioners on Uniform State Laws. No change was recommended for Section 42 when the UPA was recently reviewed in its entirety by the American Bar Association's UPA Revision Subcommittee of the Committee on Partnerships and Unincorporated Business Organizations. UPA Revision Subcommittee, *Should the Uniform Partnership Act Be Revised?*, 43 BUS. LAW. 121, 181 (1987).

Section 42 is intended to give the noncontinuing partner the benefit of asset appreciation at dissolution, and leave him unaffected by later post-dissolution losses. Crane & Bomberg, *Partnership* 496–97 (1968). According to the California Supreme Court, the statute was obviously intended to put the risk of operating the business after dissolution on the continuing partner. *Casida v. Roberts*, 51 Cal.2d 853, 337 P.2d 829, 831 (1959). This is the reason that the value of an outgoing partner's interest must be computed as of the date of dissolution rather than the later time of settlement. § 42; *Lange v. Bartlett*, 121 Wis.2d 599, 360 N.W.2d 702, 706 (1984); 2 Bromberg & Ribstein, *Partnership* 7:121 (1988). Conversely, neither would an outgoing partner receive the benefit of post-dissolution appreciation, should such occur. *Casida* 337 P.2d at 831.

Another California appellate court recently reiterated the principle that the UPA § 42's "date of dissolution" valuation purposely places future risk on the continuing partner, regardless of who is thus favored at a future settlement. The California court reasoned that a withdrawing partner has no downside risk, given the fact that his interest was fixed as of the date of dissolution, and thus the withdrawing partner should not be entitled to share in the upside potential which involved risk on the

part of the remaining partners. *Oliker v. Gershunoff,* 195 Cal.App.3d 1288, 241 Cal. Rptr. 415, 424 (2d Dist.1987).

The risks of continuation of the farming business after dissolution, including the risks of land depreciation in a falling real estate market, have been placed by statute on King as a continuing partner. *Casida,* 337 P.2d at 831. We recognize that the real estate depression of the 1980s has created an inequitable situation for Mr. King, but we are bound by provisions of § 42 in the absence of authority providing for a alternative remedy. Any such alternative remedy would have to be the result of revision of Texas' § 42 by legislative enactment.

Appellants' final two arguments under this point of error relate to the failure to deliver the deed. Once again, they argue that since the deed to the land was recorded under appellants' names, the land could not be a partnership asset.

■ As we discussed under the previous point of error, the name or names under which the deed is recorded is irrelevant to determining whether the land is a partnership asset. *Logan,* 156 S.W.2d at 512. The partners intended that the land be a partnership asset. *Id.* Therefore, while legal title was in the names of John and Veronica King, equitable title remained in the partnership. *Miller,* 234 S.W.2d at 929.

Because the business continued after the dissolution of the partnership, Mr. Evans, the non-continuing partner, was entitled to the value of his interest on the date of dissolution. *Cauble,* 503 S.W.2d at 366. Mr. Evans' interest included the 725–acre tract of farmland. The trial court properly awarded appellees the value of Mr. Evans' interest in the partnership, including the value of his interest in the land, at the date of dissolution. Point of error one is overruled.

In their second point of error, appellants contend that the trial court erred in rendering judgment that appellees recover $192,-155.00 as prejudgment interest on one-half of the land's 1981 value. Appellants present five arguments to support this point of error, four of which were urged in one or both of the previous points of error.[4] The only new argument urged by appellants is that there is no finding or evidence that appellants caused delay between the time of dissolution (1981) and the time of termination, accounting and the judgment (1988). In our analysis of this point of error, we will address the final argument only.

■ The dissolution of the King–Evans partnership occurred in 1981, but Mr. King continued with the business until 1988. Under these circumstances, Mr. Evans, the non-continuing partner, has two options. The recovery of his share in the value of the partnership, including the value of the land, is one of the two valid alternatives. § 42; *Cauble,* 503 S.W.2d at 366. Because appellees selected that particular method of recovery, they are also entitled to an additional election of either interest or profits as of the date of dissolution. *Id.* Appellees validly recovered interest as of the date of dissolution.

Appellants cite *Chester v. Jones,* 386 S.W.2d 544, 550–51 (Tex.Civ.App.—Tyler 1965, writ dism'd) for the proposition that in order for appellees to collect prejudgment interest, they are required to obtain a finding from the jury that appellants caused delay between the time of dissolution and the time of termination, accounting and the judgment. The facts in *Chester* are distinguishable from the facts of the case at bar.

In *Chester,* an association of seven medical doctors hired Dr. Robert A. Jones as an employee of the association. Three months later, Dr. Jones entered into a contract whereby he became a member of the asso-

4. The first two arguments pertain to using the date of dissolution to evaluate Mr. Evans' interest in the partnership. For an analysis of this issue, see the discussion under point of error one above. In their third and fourth arguments, appellants reurge for the second time that the land cannot be a partnership asset, because the deed to the property was recorded under appellants' names. This argument was addressed and disposed of in our discussion of points of error three and one above.

ciation. *Chester*, 386 S.W.2d at 545. The firm was called the Chester Clinic, and the contract signed by Dr. Jones contained a provision relating to the rights and responsibilities of the parties while they were associated with the clinic. The contract also contained a provision for termination of an associate. In full compliance with the contract, the other associates terminated Dr. Jones' association with the clinic. *Id.* Dr. Jones filed suit.

The trial court rendered judgment in favor of Dr. Jones for amounts due to him under the contract plus prejudgment interest from the date of termination to the date of trial. Appellants challenged the award of prejudgment interest. *Id.* at 550–51.

The court of appeals noted that this proceeding was one in which there were mutual claims between the parties, and there was no delay in the accounting proceeding caused by misconduct on the part of appellants. *Id.* at 551. Therefore, the award of prejudgment interest was improper. *Id.*

Unlike the case at bar, the cause of action in *Chester* was based on contract. The court in *Chester* did not apply the principles of the Texas Uniform Partnership Act, whereas this case is rooted in partnership law. Therefore, the holding in *Chester* does not affect the established law that entitles appellees to prejudgment interest on the value of their interest in the partnership property and other partnership assets from the date of dissolution. Point of error two is overruled.

In their sole cross point of error, appellees contend that this court should assess 10 percent penalty for filing a frivolous appeal. TEX.R.APP.P. 84. We disagree with appellees' contention that appellants' appeal had no merit. Appellees' sole point of error is overruled.

The judgment of the trial court is affirmed.