Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-07-00747-CV

Juan Jose **SILLER** and Perfecta G. Siller,
Appellants

v.

**LPP MORTGAGE LTD.**,
Appellee

From the 81st Judicial District Court, La Salle County, Texas
Trial Court No. 02-04-00019-CVL
Honorable Fred Shannon, Judge Presiding

Opinion by: Rebecca Simmons, Justice

Sitting: Karen Angelini, Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed: December 10, 2008

REVERSED AND REMANDED

Juan Jose Siller and Perfecta G. Siller appeal the trial court's order granting summary judgment in favor of LPP Mortgage Ltd. in a lawsuit in which Juan and Perfecta assert numerous claims against LPP arising from a dispute over the title to certain real property. Because the summary judgment evidence raised a genuine issue of material fact with regard to the ownership of the property, we reverse the trial court's order and remand the cause to the trial court for further proceedings.

**BACKGROUND**

In 1967, a 520 acre tract of land in Cotulla, Texas (the "Property") was conveyed by a deed to Abel Siller, Santiago Siller, Mario Siller, and Jose M. Siller, Jr., who were brothers. The brothers used the acreage for farming.

In 1981, the SBA entered into a loan agreement which listed the borrower as "Abel, Mario & Santiago Siller" and was signed by Abel, Mario and Santiago. The note that was signed to evidence the loan listed the borrower as Siller Brothers Farms. The note was signed on behalf of Siller Brothers Farms by Mario, Santiago, Abel, and their wives. The signatures of Mario, Santiago and Abel indicated they were signing in their capacities as individuals and partners. A Deed of Trust listing Siller Brothers Farms as grantor also was signed granting a lien against the Property to secure the note. The Deed of Trust was signed by Mario, Santiago, and Abel in their capacities as individuals and partners. Notably absent from the SBA loan agreement, promissory note and Deed of Trust was the signature of Jose M. Siller, Jr. Four months after the SBA loan was made, Mario Siller, Santiago Siller, and Abel Siller filed a certificate of partnership for Siller Brothers Farm with the Texas Secretary of State.

The SBA subsequently assigned the note to LPP. Jose died in July of 2001. Following a default by the borrowers, LPP foreclosed on the Property in August of 2001. In April of 2002, Jose's wife, Perfecta, and son, Juan, sued LPP asserting title to a 1/4 interest in the Property. After the parties filed competing motions for summary judgment, the trial court granted summary judgment in favor of LPP.

## STANDARD OF REVIEW

Juan and Perfecta filed a hybrid motion requesting both a traditional and no evidence summary judgment, while LPP filed a motion requesting a traditional summary judgment. We review both traditional and no evidence summary judgments de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). We consider the evidence in the light most favorable to the non-movant and indulge all reasonable inferences and resolve any doubts in the non-movant's favor. *Id*. at 157. We will affirm a traditional summary judgment only if the movant established there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law on a ground expressly set forth in the motion. *Id*. We will affirm a no-evidence summary judgment only if the non-movant failed to produce more than a scintilla of probative evidence raising a genuine issue of material fact on a challenged element of the cause of action. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

## DISCUSSION

In order to grant summary judgment in favor of LPP, the trial court necessarily concluded that the evidence established as a matter of law that the Property was purchased in 1967 by a partnership in which the four brothers were partners, and, as a result, the four brothers, as partners, held title on behalf of the partnership. Juan and Perfecta challenge this conclusion on several grounds.

A.     Res Judicata and Collateral Estoppel

Juan and Perfecta initially challenge the trial court's conclusion by asserting that LPP's contention that the partnership was the owner of the property is barred by the principles of res judicata and collateral estoppel. Juan and Perfecta base this challenge on a condemnation award paid to the four brothers individually in 1991 for a portion of the Property acquired to build a road.

Res judicata, also known as claim preclusion, prevents the relitigation of a finally-adjudicated claim and related matters that should have been litigated in a prior suit. *State & County Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001). When parties are co-parties rather than opposing parties, res judicata only acts as a bar to a co-party's claim in a subsequent action if the co-parties had "issues drawn between them" in the first action. *Id*. (quoting *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992)). For purposes of res judicata, co-parties have issues drawn between them and become adverse only when one co-party files a cross-action against a second co-party. *Id*. In this case, the SBA, LPP's predecessor-in-interest, and the Sillers were co-parties in the condemnation proceeding based on the interests they held in the Property – the Sillers as owners and the SBA as a lienholder. Because no cross-action was filed between the Sillers and the SBA, no issues were drawn between them, and res judicata does not apply to bar LPP's claim that the partnership owned the Property. *See id*.

The doctrine of collateral estoppel bars relitigation of fact issues that were fully and fairly litigated and that were essential to the prior judgment. *Id*. The issue decided in the prior action must be identical to the issue in the pending action. *Id.* at 696-97. Because the issue of the ownership of the Property was not fully and fairly litigated in the condemnation proceeding, collateral estoppel does not preclude LPP's claim regarding the ownership of the Property in the underlying lawsuit. *See id*.

B.      Ownership of the Property

In order for LPP to have prevailed on its traditional summary judgment, the evidence had to conclusively establish as a matter of law that the Property was owned by the partnership at the time it was purchased in 1967. If the Property was purchased by the individuals, any oral transfer to the

partnership would be barred by the statute of frauds. *See Pappas v. Gounaris*, 311 S.W.2d 644, 646-47 (Tex. 1958). Moreover, Perfecta would not have any community property interest in the Property if it was purchased by the partnership. *Marshall v. Marshall*, 735 S.W.2d 587, 594 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) (noting partnership property is owned by partnership itself and not by individual partners and such property is neither community nor separate property of the individual partners); *see also Lifshutz v. Lifshutz*, 199 S.W.3d 9, 27 (Tex. App.—San Antonio 2006, pet. denied).

Whether land taken in the name of one or more partners is partnership property depends on the parties' intent and the understanding and design under which they acted. *Logan v. Logan*, 156 S.W.2d 507, 512 (Tex. 1941). An implied agreement that property will be owned by a partnership may be established by "the general purposes of the parties, the nature of their business, and the manner in which they have dealt with the property in question." *Id*. Mere use of property in the operation of a partnership does not make it an asset of the partnership. *Littleton v. Littleton*, 341 S.W.2d 484, 489 (Tex. Civ. App.—Houston 1960, writ ref'd n.r.e.). Instead, whether property used in a partnership's operation is owned by the partnership is a question of intent. *King v. Evans*, 791 S.W.2d 531, 533 (Tex. App.—San Antonio 1990, writ denied).

In its brief, LPP relies on the following summary judgment evidence as conclusively establishing that the Property was owned by a partnership of the four brothers: (1) admissions by Santiago and Abel that the Property was partnership property; (2) partnership tax records listing the four brothers as partners and the Property as a partnership asset; (3) property taxes assessed against the partnership as record owner of the Property; (4) evidence that the partnership did not pay rent to the four brothers for the use of the Property; and (5) reporting of the condemnation award as

partnership income. Although the evidence relied on by LPP does support the contention that the Property was owned by the partnership, in our review of a summary judgment, we must consider the evidence in the light most favorable to the non-movant and indulge all reasonable inferences and resolve any doubts in the non-movant's favor. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d at 156. Applying this standard to the evidence presented, we must consider Abel's deposition testimony that the partnership was not formed until after the Property was purchased since two of the brothers were in Vietnam fighting in the army at the time of purchase and one brother, Mario, did not return until two years later.

The manner in which the SBA loan was documented also raises fact issues as to whether the Property was owned by a partnership of all four brothers or whether the SBA only obtained a lien as to the interests in the Property owned by Abel, Santiago, and Mario. The original loan agreement listed the borrower as Abel, Santiago, and Mario, and the loan agreement was signed by the three brothers in their individual capacities. The Deed of Trust was signed by the three brothers both as partners and in their individual capacities. A title opinion obtained at the time of the loan listed the owner of the Property as the four brothers. The record contains an affidavit signed by Abel, Santiago, and Mario stating: (1) the Property was owned by the four brothers individually; (2) Abel, Santiago, and Mario only intended to encumber their interest in the Property as security for the SBA loan; and (3) Abel, Santiago, and Mario did not intend to encumber Jose's interest in the Property, and no one had authority to encumber Jose's interest. Santiago testified in his deposition that to his knowledge, Jose was unaware of the SBA loan. At the time of the loan from the SBA, Abel, Santiago, and Mario signed a document entitled "Certificate as to Partners" certifying that they were all of the partners of Siller Brothers Farms.

Finally, the record contains a memo to the senior loan committee at the time LPP was undertaking to foreclose the loan stating that the borrower is a general partnership established in 1985 and noting that if LPP was the successful bidder, LPP would jointly own the Property with Jose based on a title opinion in the file showing that the four brothers owned the Property.

Because the foregoing evidence raises a genuine issue of material fact with regard to whether: (1) the Property was purchased and owned by the four brothers individually; and (2) the Deed of Trust encumbered Jose's interest in the Property, the trial court erred in granting summary judgment in favor of LPP. *See Miller v. Gann*, No. 01-86-00905-CV, 1988 WL 3984, at *4 (Tex. App.—Houston [1st Dist.] Jan. 21, 1988, writ denied) (reversing summary judgment where evidence of ownership by partnership, including partnership's use of property, sworn statements by partners, partnership's income tax returns, and partnership's payment of property taxes, conflicted with evidence of individual ownership - primarily deed records) (not designated for publication). The fact issue regarding ownership of the Property also precludes summary judgment as to whether the foreclosure notice was proper and whether Juan and Perfecta are entitled to a partition of the Property.

## CONCLUSION

The trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings.

Rebecca Simmons, Justice