## STEVE PAPPAS, ET UX V. JOHN G. GOUNARIS, ET AL.

No. A-6365. Decided March 19, 1958.
Rehearing overruled April 23, 1958.
(311 S.W. 2d Series 644)

*Butler, Binion, Rice & Cook* and *Cecil N. Cook,* and *Ansel M. Kahn,* all of Houston, for petitioners.

It was error for the Court of Civil Appeals to hold that the deed of trust on petitioners' homestead, not joined in by the wife, was valid and enforcible, on the theory that Pappas orally dedicated said property as an asset of a purported oral partnership between petitioner and respondent and that the deed of trust was executed in settlement of partnership affairs. French v. Coleman, 13 S.W. 2d 469, and cases cited therein, no writ. history; Tolle v. Sawtelle, 246 S.W. 2d 916, writ refused; Klien v. Sibley, 203 S.W. 2d 239.

*Merrill & Scott,* of Houston for respondent.

Since the deed of trust was given by one partner to the other partner in settlement of partnership affairs on dissolution, it is immaterial whether the agreement making the property a partnership asset was legally enforcible or not. Hutchings v. Slemons, 141 Texas 448, 174 S.W. 2d 487; Texas Company v. Burkett, 117 Texas 16, 296 S.W. 273; Murrell v. Mandlebaum, 85 Texas 22, 19 S.W. 880.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is a suit brought by respondent, John G. Gounaris, hereinafter referred to as Gounaris, against petitioners, Steve Pappas and wife, hereinafter referred to as Pappas, and Alex Bell, hereinafter referred to as Bell, upon a promissory note for $13,000.00 given by Steve Pappas alone to Bell, and by Bell endorsed over to Gounaris. Gounaris also sought to foreclose a deed of trust on realty given by Steve Pappas alone to secure the payment of the $13,000.00 note. Pappas answered with a plea that the property described in the deed of trust was their homestead; that a claimed interest in such realty alleged by Bell as a result of a partnership agreement between Bell and Steve Pappas was in violation of the Statute of Frauds and the Texas Trust Act, and other pleas not material to a decision of the cause by this Court. Upon a jury's answers to special issues, the trial court rendered judgment against Pappas for the alleged debt and against Pappas and his wife for foreclosure of the deed of trust lien on the property therein described. On appeal to the

Court of Civil Appeals that judgment was affirmed. 301 S.W. 2d 249.

Pappas has raised six points of error. It is necessary to discuss only two of these points as they are decisive of this cause. We agree with the answer of Gounaris to Pappas' application for writ of error that the question of the partnership's title is a controlling issue in the case. Prior to the formation of the partnership between Steve Pappas and Bell in late 1944 or early 1945, Pappas owned Lot 3, Block 1, Section 2 of Harbordale Subdivision in Harris County, Texas. The jury found that prior to the erection of the building on Lot 3, Bell and Pappas had an agreement to become partners and that Pappas was to contribute the lot (Lot 3), and Bell would furnish the funds with which to erect a building thereon. The jury further found that this partnership was dissolved by an agreement between Pappas and Bell whereby Bell took the note and deed of trust and Pappas kept the land and building.

The theory on which Gounaris seeks to recover is that upon the formation of the partnership and the erection of the building by Bell, Lot 3, as improved, became partnership property and that when the partnership was dissolved the deed of trust and note constituted a ratification and acknowledgment by Pappas of Bell's interest in Lot 3; that such dissolution was valid and binding and Pappas is bound thereby; that the jury finding that Lot 3 was the homestead of the Pappas in November, 1945 when the note and deed of trust were executed is immaterial because Lot 3 had already become impressed with the partnership ownership although the legal title was in the name of Pappas alone and Pappas and his wife could have no homestead interest in this partnership property (Lot 3) superior to the note and deed of trust. Gounaris claimed the material date for an inquiry as to homestead was the date of the formation of the partnership; that the burden was on Pappas to establish the homestead as of that date and Pappas — having requested no issue as to homestead on this date—this issue was waived by Pappas in accordance with Rule 279, Texas Rules of Civil Procedure; that the trial court having entered judgment adverse to Pappas, it would be presumed a finding was made that on the formation of the partnership no homestead right attached to Lot 3. It is evident that unless Pappas had conveyed some of his interest in Lot 3, it was not part of the partnership assets and was not subject to disposition as partnership property by a dissolution agreement between the parties.

■ It is admitted that the agreement to form the partnership was oral and that at such time Pappas never executed any written instrument conveying Lot 3, or any interest therein to either Bell or the partnership. Art. 3995, Subdv. 4, Vernon's Annotated Civil Statutes of Texas, requires that any contract for the sale of real estate shall be in writing before any action may be brought on such contract. Art. 1288, Vernon's Annotated Civil Statutes of Texas, requires a written instrument before any estate of inheritance or freehold shall be conveyed from one person to another. Under these provisions of the law, no title could pass from Pappas to Bell, or the partnership, by the oral agreement. Bell and Gounaris seek to uphold their claim that title to an interest in Lot 3 passed under the oral agreement because of the fact that such contract was fully performed by Bell.

■ The case of Hooks v. Bridgewater, 111 Texas 122, 229 S.W. 1114, 15 A.L.R. 216, goes into a thorough discussion of the Statute of Frauds as applied to conveyances of realty, and sets out three things which are necessary in order for an oral conveyance of land to be valid and enforceable: (1) payment of the consideration, whether it be in money or services; (2) possession by vendee, and (3) the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor. The case further holds that each of these three elments is indispensable and they must all exist at the same time. That case has never been overruled by this Court, but it is still recognized as the law. The possession required by the above rule of law is possession that is exclusive and adverse to the owner of the title to the land. This Bell did not have. Thornton v. Central Loan Co., Texas Civ. App., 1942, 164 S.W. 2d 248, wr. ref., and authorities therein cited. Hooks v. Bridgewater discusses in detail the necessity for the existence of all three of the conditions set out in order to have a valid parol sale of land. It points out that no irreparable injury will be done the one seeking to enforce a parol sale unless all three requisites are present and the sale is not enforced. It is pointed out that the party seeking to enforce a parol sale has adequate legal remedies to protect him if only one or two of the prerequisites to a valid parol sale are present, and therefore no fraud will be committed if the courts refuse to enforce the parole sale. See also 20A Texas Jur. 424, Sec. 145; 101 A.L.R. 923, et. seq.

While the cases of Paschall v. Anderson, 127 Texas 251, 91 S.W. 2d 1050, and Chevalier v. Lane's, Inc., 147 Texas 106, 213

S.W. 2d 530, 6 A.L.R. 2d 1045, deal with the provision of Art. 3995 having to do with contracts not to be performed within the space of one year from the making thereof (Sec. 5) their reasoning on the kind and character of performance necessary to take the contract out of the Statute is also applicable to the sale of land.

There is an exhaustive annotation entitled "When real estate owned by a partner before formation of the partnership will be deemed to have become asset of the firm" in 45 A.L.R. 2d 1009-1026. In this annotation under the discussion of the effect of the Statute of Frauds, it is recognized there is a conflict of authority upon the necessity of compliance with the Statute of Frauds in order for the realty to become a partnership asset. Cases from Federal jurisdictions and from California, Minnesota and Oregon hold the statute inapplicable, while cases from Maryland, Nevada, New Hampshire, Pennsylvania, Virginia, West Virginia and Wisconsin are cited as holding that individually owned real estate cannot become a partnership asset in the absence of an instrument in writing sufficient to satisfy the Statute. Idem, p. 1015, Sec. 5.

■ In discussing this problem we find it stated in 49 Am. Jur. 543, "* * * On the other hand, the better-reasoned authorities hold to the view that land owned by a prospective partner at the time of the formation of the partnership does not become a partnership asset by a mere oral agreement of partnership even though such was the intention of the parties; in other words, in order to place in the partnership the title to property owned by one partner at the formation of the partnership, or to make such property a partnership asset, the agreement must be in writing the same as any other contract for the sale of land, even though it may be shown by parol proof that land acquired by one partner after the formation of the partnership was in reality partnership assets. * * *" We hold that under the facts of this case Lot 3 never became an asset of the partnership. In view of the above cited and discussed authorities, we hold that the rule of law requiring a written instrument sufficient to satisfy the statute (in the absence of a compliance with Hooks v. Bridgewater) before individually owned real estate may become a firm asset is more consistent with our decided cases.

Gounaris cites the cases of Hutchings v. Slemons, 141 Texas 448, 174 S.W. 2d 487, 148 A.L.R. 1320, and Texas Co. v. Burkett, 117 Texas 16, 296 S.W. 273, 54 A.L.R. 1397 as authority for the proposition that performance of a contract takes the

contract out of the requirements of the Statute of Frauds. Hutchings v. Slemons was a suit by Hutchings, a real estate dealer, against Slemons, landowner, for a commission on sale of real estate. It was defended on the ground that the listing was not in writing as required by the Real Estate Dealers License Act, [Vernon's Texas Stat., Art. 6573], which had become effective between the listing and the sale. This Court held the Act not applicable to the broker's suit and that the broker could recover on an oral listing—not on the ground of performance, but on the ground that at the time of the listing the law did not require the listing to be in writing. In that case the question as to performance arose in connection with the contention that the listing contract was unilateral rather than bilateral.

In Texas Co. v. Burkett, supra; suit was by Burkett to enforce an option to renew a sale of water for an additional term of one year after the date of the original written contract. Burkett recovered in all courts. There the Texas Company had been put in possession by Burkett, it had taken water for the first year, had erected improvements and equipment necessary to make full use of the water, and as found by the jury had exercised its option of renewal for an additional year under the same terms as the original written contract, and Burkett had refused an offer for sale of the water, relying upon The Texas Company's renewal. No mention is made of the Hooks v. Bridgewater case, nor does the Burkett case conflict with the rule announced in that case.

The case of Paschall v. Anderson, 127 Texas 251, 91 S.W. 2d 1050, holds that where one party has pleaded the Statute of Frauds in bar, and the contract sought to be enforced is oral, the other party must plead and prove facts setting out the equitable circumstances relied upon to avoid the bar of the Statute. In that case no such pleadings were filed; neither do we find any such pleadings in this record.

■ Having held that Lot 3 never became a part of the partnership assets, it follows that the deed of trust given by Pappas must be tested as to its validity as of the date of execution. The jury found that on November 7, 1945, Lot 3 was the homestead of Pappas and wife. Art. 16, Sec. 50 of our State Constitution, provides in part as follows: "* * * No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or

other lien ,shall have been creatd by the husband alone, or together with his wife; and all pretended sales of the homestead involving any condition of defeasance shall be void." See also 22 Texas Jur. 142, Sec. 100, and authorities therein cited.

Mrs. Pappas signed neither the note nor the deed of trust nor are there any allegations or proof of any action or conduct on the part of Mrs. Pappas that would estop her from claiming her homestead rights.

■ Gounaris claims that as an innocent purchaser of the note from Bell, he is entitled to foreclose the lien against the land. It has been held that the rule of innocent purchaser applies only to the note but not to the right to enforce the lien on homestead. Wood v. Sparks, Texas Com. App., 59 S.W. 2d 361 (3 and 5); Murphy v. Williams, 103 Texas 155, 124 S.W. 900; Hill v. Engel, Texas Civ. App., 1936, 89 S.W. 2d 219, wr. ref.

Pappas pleaded in the trial court that the note was without consideration, but the jury found against him on this plea and no complaints here made of such finding. The fact that the lien cannot be foreclosed does not prevent a judgment from being rendered against Pappas on the note. No complaint is made in this Court of the money judgment against Pappas and Bell and the judgment over in favor of Bell against Pappas for any amount Bell may be required to pay.

We hold that the note is valid, but that the asserted lien is void and the judgment foreclosing said lien is error. Such judgment of foreclosure is reversed and the lien held null and void.

The judgments of both courts below are reformed so as to deny foreclosure of the deed of trust lien on Lot 3, but are otherwise affirmed.

Costs are assessed in equal amounts as against Pappas and Gounaris.

Opinion delivered March 19, 1958.

Rehearing overruled April 23, 1958.