**Ellouise COSTELLO et vir, Appellants,**

**v.**

**HILLCREST STATE BANK OF UNIVERSI- TY PARK et al., Appellees.**

No. 16415.

Court of Civil Appeals of Texas. Dallas.

June 12, 1964.

Muse, Currie & Kohen and R. Douglas Coffin, Dallas, for appellants.

Brady, Drake & Wilson, Dallas, for appellees.

DIXON, Chief Justice.

Ellouise Costello and her husband, Jim Costello, have appealed from an order denying their application for a temporary injunction to restrain Hillcrest State Bank from attempting to foreclose a deed of trust lien against property which they allege is their homestead.

The material facts are undisputed. Title to the property was acquired by warranty deed dated December 3, 1962. The grantee named in the deed is "Jim Costello, Trustee." The instrument was filed for record on January 4, 1963.

In his deposition Jim Costello says that there was not at any time any trust in existence of which he was trustee. The reason he took title to the property as "Jim

Costello, Trustee" was that he believed that by doing so he would deprive several judgment creditors of any possibility of seizing the property in satisfaction of their judgments. He says he did not see any need to tell his wife about the way he took title because he "knew that as soon as he satisfied the judgments the whole thing would take care of itself." Costello and his wife moved into the property in February 1963 and have continuously since that time occupied, used and claimed it as their home.

On May 10, 1963 Jim Costello borrowed $42,400 from Hillcrest State Bank, and signed a note and executed a deed of trust to the property in question as security for the loan. At the time he also signed a statement that the property was no part of his homestead.

Before making the loan the Bank's president and another official went out to the property and inspected it to appraise it and to see its condition and location. The president of the Bank testified that while he and the other bank official were inspecting the property Costello told them that he and his wife lived there.

Ellouise Costello in an affidavit attached to her petition says that she and Jim Costello were married in 1953. The property in controversy was acquired free and clear of liens or encumbrances with funds they had accumulated during their marriage. They have been using it as their home since February 6, 1963. They neither have nor claim any other home.

Recently she learned for the first time that her husband on May 10, 1963 had executed a deed of trust on their home to secure a loan of approximately $40,000, that the loan was in default and the trustee in the deed of trust had advertised the property to be sold on February 4, 1964 in satisfaction of the debt.

Ellouise Costello further states that at the time she and her husband bought the property and at the time they moved into it she knew nothing about the title being in the name of "Jim Costello, Trustee." She does know that it was not trust property.

## OPINION

In two points on appeal appellants assert that the trial court erred in refusing to grant a temporary injunction to prohibit the sale of their homestead (1) it being an abuse of discretion to fail or refuse to apply the law to the undisputed or established facts; and (2) there is no abuse of discretion in preserving the *status quo* if there exists a probable injury and a probable right of recovery, where the pleadings state a cause for relief and the evidence tends to support it. We sustain both points.

Though a trial court may ordinarily exercise a broad discretion in granting or refusing a temporary injunction the failure or refusal of the court to apply the law to undisputed or established facts constitutes an abuse of discretion. Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W. 2d 722; City of Waco v. Marstaller, Tex. Civ.App., 271 S.W.2d 722; Falkner v. Memorial Gardens Ass'n, Tex.Civ.App., 298 S.W.2d 934; City of Houston v. Memorial Bend Utility Co., Tex.Civ.App., 331 S.W.2d 418; John L. Bramlet & Co. v. Hunt, Tex. Civ.App., 371 S.W.2d 787. Under the undisputed facts of this case we have concluded that appellants are entitled to the temporary injunction they seek.

An applicant for a temporary injunction seeking to preserve the *status quo* needs only to show the existence of a probable injury and a probable right of recovery. He is not required to establish that he will finally prevail in the litigation. Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549.

Art. 16, Sec. 50 of our State Constitution, Vernon's Ann.St., is very plain with respect to a forced sale of a homestead or any attempt to burden it with a mortgage. We quote part of Section 50:

"The homestead of a family shall be, and is hereby protected from forced

sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or. for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing, with the consent of the wife given in the same manner as is required in making a sale and conveyance of the homestead; * * *. *No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone, or together with his wife; * * *.*" (Emphasis ours.)

It is not claimed that the loan in this case was for the purpose of purchasing the property or for improvements thereon. Ellouise Costello, the wife, did not sign the note or deed of trust in question. There are no allegations or evidence of any action or conduct on her part which might even suggest that she was in any way connected with the representations made to the Bank by her husband in order to obtain the loan from the Bank. Pappas v. Gounaris, 158 Tex. 355, 311 S.W.2d 644. The Bank officials visited the property and were told that Ellouise Costello and her husband lived there.

Appellee Bank relies on Art. 7425b–8 Vernon's Ann.Civ.St. of the Texas Trust Act to support its contention that the deed to "Jim Costello, Trustee," the beneficiaries not being disclosed, does not convey a title upon which homestead rights may be impressed. We quote part of the statute:

"Where a trust is created, but is not contained or declared in the conveyance to the trustee, or when a conveyance or transfer is made to a trustee without disclosing the names of the beneficiary, or beneficiaries, the trustee shall be held to have the power to con-  vey or transfer or encumber the title and whenever he shall execute and deliver a conveyance or transfer or encumbrance of such property, as trustee, such conveyance or transfer or encumbrance shall not thereafter be questioned by any one claiming as a beneficiary under such trust or by any one claiming by, through, or under an undisclosed beneficiary, * * *."

Appellee argues that when the deed to Jim Costello, Trustee was given an express trust was created by the very use of the term "Trustee". We do not agree with appellee. The mere use of the word "Trustee" does not of itself *create* a trust. 19 Tex.Jur.2d 333; 26A C.J.S. p. 859; 137 A.L.R. 460–465. Art. 7425b–7 V.A.C.S. of Texas Trust Act sets forth the means or methods by which an express trust may be created. None of the means or methods named in the statute come within the undisputed facts of this case. Only express trusts are covered by the Act. Art. 7425b–2 V.A.C.S.

The statute relied on by appellee contemplates that there should be a trust in existence and that there should actually be a trustee. Its language so indicates. It begins with the clause, "Where a trust is created * * *." Here the trust was never created. We are convinced that when the Legislature enacted the statute, using the words "a trust" and "trustee" it intended to refer to realities, not to fictitious trusts, or fictitious trustees.

To hold as appellee would have us hold would open the door to fraud whereby an unscrupulous husband could deprive an innocent wife of her homestead rights notwithstanding the provision of our State Constitution as quoted above.

Appellants admit that the note and debt are valid. They seek only to have the alleged lien declared void and for the Bank to be enjoined from selling the property under foreclosure.

The undisputed evidence unquestionably shows a probable right of recovery on the part of appellants and a probable injury if appellee is not temporarily enjoined from proceeding with the foreclosure sale. The temporary injunction is necessary to maintain the *status quo*. Under the circumstances the trial court was not free to exercise the discretion with which it is ordinarily clothed in deciding applications for temporary injunctions.

In so holding we do not undertake to determine the case on its merits. What we hold here pertains only to the temporary injunction and is without prejudice to the rights of the parties to assert their claims and offer evidence in a trial on the merits.

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to grant the temporary injunction upon execution by appellants of an injunction bond in an amount to be set by the court.

Reversed and remanded.