William J. KRUPICKA, Appellant,

v.

Freddie E. WHITE, Appellee.

No. 12177.

Court of Civil Appeals of Texas, Austin.

Jan. 29, 1975.

Dane Everton, Kacir, Lesikar, Kacir & Everton, Temple, for appellant.

Jerry Secrest, Daniel, Brown & Tarver, Temple, for appellee.

PHILLIPS, Chief Justice.

We withdraw our original opinion and the dissenting opinion and substitute the following.

Krupicka made an oral contract with White to convey a tract of land to White for $7,500. White took possession of the tract, made valuable improvements, then obtained a loan commitment from a savings institution for the purchase price plus $1,500. At the time for consummating the transaction at the savings institution's office, Krupicka repudiated the contract and refused to sign the deed to the land. White then brought suit against Krupicka resulting in a judgment for White for specific performance, or, in the alternative, recovery of a money judgment hereinafter described. We dismiss that portion of the judgment decreeing specific performance as moot and reverse and remand that part granting a money judgment for a new trial.

■ Under the judgment entered, Krupicka was ordered to convey the property in question to White if the purchase price was tendered by a lending institution on or before January 15, 1974. If the conveyance did not occur on or before that date, then Krupicka was to pay damages. By the terms of the judgment, specific performance was not available to White at the time this appeal was filed, May 1, 1974. Appellant therefore complains of a judgment for specific performance which by its terms does not require him to convey. As of January 15, Krupicka's only duty under the judgment is to pay damages. The specific performance part of this appeal is, therefore, moot and is hereby dismissed. See McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331, 333 (1930); State v. Society For Friendless Children, 130 Tex. 533, 111

S.W.2d 1075, 1076 (1938); Callison v. Vance Independent School District, 152 S.W.2d 395 (Tex.Civ.App. San Antonio 1941, no writ); Parks v. Francis, 202 S.W.2d 683, 686 (Tex.Civ.App. Fort Worth 1947, no writ); Cullen v. Ellis County Levee Improvement District No. 3, 77 S.W.2d 310, 311 (Tex.Civ.App. Waco 1934, no writ); Morris Plan Bank of Fort Worth v. Ogden, 144 S.W.2d 998, 1004 (Tex.Civ.App. Fort Worth 1940, no writ).

This leaves only appellant's point, which we sustain, that there is insufficient evidence in the record of the value of the improvements White put on the land.

■ It is uncontroverted that White made valuable improvements upon the property after he took possession thereof. After working hours and on holidays, White leveled the house on the land, underpinned it, painted it inside and out, built a porch, dug water lines, dug and installed a concrete cesspool, laid lateral lines, repaired eaves of the house, replaced some windows, replaced some doors and all door hardware, replaced bathroom and kitchen hardware, replaced most light fixtures, rewired the house, refinished the floors, laid some linoleum, installed a gravel driveway, planted trees, and built a bridge across a county road ditch. The trial court ordered Krupicka to pay White $4,873.23 in damages, "labor and improvements of said property." Inasmuch as this judgment contains the value of certain work done by White on the improvements to the land, we must sustain Krupicka's point of error that there is insufficient evidence in the record of the value thereof. There is evidence as to the value of the materials used in the improvements; however, insufficient evidence as to the time White spent at his labors or the value thereof. See Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361 (1960).

Consequently, we dismiss that portion of the judgment decreeing specific perform-

ance and reverse the judgment as to money damages and remand the cause for a new trial on this issue.

Reversed and remanded.

SHANNON, Justice (concurring).

I would reverse the judgment for the reason that the instrument upon which the judgment for specific performance was grounded was an oral agreement to convey land in violation of the Statute of Frauds.

To relieve an oral agreement for the sale of land from the operation of the Statute of Frauds, it must be shown that the purchaser has (1) *paid the consideration,* (2) *has taken possession,* and (3) *has made valuable permanent improvements on the land.* Dugan's Heirs v. Colville's Heirs, 8 Tex. 126 (1852), Neatherly v. Ripley, 21 Tex. 434 (1858), Ponce v. McWhorter, 50 Tex. 562 (1879), Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114 (1921), Jones v. Mawman, 145 Tex. 596, 200 S.W.2d 819 (1947), Maloy v. Wagner, 147 Tex. 486, 217 S.W.2d 667 (Tex.1949), Pappas v. Gounaris, 158 Tex. 355, 311 S.W.2d 644 (Tex.1958). Each of the three requirements is indispensable, and they must *all* exist. Garner v. Stubblefield, 5 Tex. 552 (1851), Hooks v. Bridgewater, *supra,* Pappas v. Gounaris, *supra.*

Appellee White showed (1) that he took possession of the land and (2) that he made valuable improvements thereon. He did not show that he paid any consideration to appellant Krupicka for the land. The facts with respect to the matter of consideration were that White did obtain a loan commitment from a savings and loan association to pay the purchase price of the land. Krupicka, however, refused to sign the deed necessary to effectuate the making of the loan to White, and White never paid Krupicka anything.

Assuming for purposes of this opinion that White's obtaining the loan commitment was tantamount to a tender of payment, still Krupicka was not obligated to accept the tender. Payment in full of the consideration is required before an oral agreement for the sale of land can be enforced, and a tender of consideration or an expression of a willingness to pay such consideration or the balance thereon is not sufficient. Watson v. Druid Hills Company, 355 S.W.2d 65 (Tex.Civ.App.1962, writ ref'd n. r. e.), Massey v. Lewis, 281 S.W.2d 471 (Tex.Civ.App.1955, writ ref'd n. r. e.), Salas v. Salas, 229 S.W.2d 881 (Tex.Civ.App.1950, writ ref'd n. r. e.). See Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624 (1938), Tian v. Tacquard, 147 S.W.2d 1114 (Tex.Civ.App.1941, writ ref'd).