**R. T. JEWELL and Thelma Jewell, Appellants,**

v.

**Larry JEWELL, Individually and Vendible Recreation Company, a Partnership, Appellees.**

No. 8767.

Court of Civil Appeals of Texas, Texarkana.

May 30, 1980.

Carl R. Golden, The Law Firm of Larry S. Parnass, Irving, for appellants.

Dan W. Shieder, Jr., Dallas, for appellees.

CORNELIUS, Chief Justice.

Appellants, R. T. Jewell and wife, Thelma Jewell, appeal from a judgment of the district court which decreed certain real estate to be an asset of a partnership, and appointed a receiver to sell such property and distribute the proceeds to the partners.

Mr. and Mrs. Jewell owned a house and lots in Tarrant County. Their son, Larry Jewell, owned and operated a business known as Vendible Recreation Company. Larry's parents subsequently became partners with him in the business, with Larry owning 50% and Mr. and Mrs. Jewell owning the other 50%. Differences arose between Larry and his father, and eventually Larry brought suit against Mr. and Mrs. Jewell for an accounting and a winding up of the partnership. He also claimed they had contracted in writing to sell him the house and lots in Tarrant County, and he prayed for specific performance of that contract, alleging that he had paid for the house and had taken possession of it and made valuable improvements upon it. He alleged that he prepared in his own handwriting an informal contract of sale which was then recopied by his mother and signed

by all parties, but that the contract had since been lost, having last been seen in the possession of R. T. Jewell. Mr. and Mrs. Jewell denied that any contract of sale, oral or written, had been made and contended that they had only rented the house to their son. Trial was to the court without a jury. After hearing testimony by the parties, all of whom testified exactly as they alleged in their respective petitions, the trial judge found that the house and lots had become partnership property and ordered a receiver to sell the property, discharge the indebtedness against it, and divide the remaining proceeds equally between the parties. The court also wound up the affairs of the partnership and adjusted other equities of the partners, and neither side complains of the court's action in that regard.

Mr. and Mrs. R. T. Jewell contend that there was no evidence, or insufficient evidence, to support the finding that the house and lots had become a partnership asset. The insufficiency point will be sustained.

 Real property cannot be conveyed, even between partners, orally or by implication, but only by written conveyance as prescribed by Tex.Rev.Civ.Stat.Ann. art. 1288. *Pappas v. Gounaris*, 158 Tex. 355, 311 S.W.2d 644 (1958). One may, however, acquire an equitable interest in real estate without formal conveyance, which interest can be enforced by a court of equity as circumstances may justify. If real property is purchased or paid for by partnership funds but record title is in one of the partners only, a court of equity may, in a proper case, impress it with a constructive or resulting trust in favor of the partnership, under the doctrine of equitable conversion. *Ray v. Peters*, 422 S.W.2d 615 (Tex.Civ.App. Waco 1967, no writ); *Miller v. Howell*, 234 S.W.2d 925 (Tex.Civ.App. Fort Worth 1950, no writ); *Hengy v. Hengy*, 151 S.W. 1127 (Tex.Civ.App. San Antonio 1912, no writ); 44 Tex.Jur.2d Partnership § 40, p. 366. Too, if one partner's individual funds or those of the partnership are used to improve the other partner's real estate, the court may compensate the wronged partner accordingly, but that is to be done in the adjustment of equities in the partnership accounting or winding up, and not by a transfer of title to an interest in the land.

 Neither of those equitable remedies was sought in this case or supported either by pleadings or testimony. Larry Jewell's pleadings and testimony were both to the effect that he had entered into a written contract of sale by which he, individually, would acquire full title to the house and lots. Mr. and Mrs. Jewell acquired record title to the property long before they entered the partnership, and there was no evidence of any conveyance by them to the partnership. There is no testimony that the house was ever used in the partnership business, or that the parties intended for the partnership, as distinguished from Larry individually, to acquire any interest in it. The only circumstance which could possibly be construed as evidence of an intention that the house would be considered a partnership asset was the fact that when the partners made application for a loan, the house and lots were listed in the column provided for property owned by both partners, and R. T. Jewell testified that the property was listed in that manner in order to show a financial statement on behalf of both partners which would be sufficient to justify the loan being sought.

We find the evidence factually insufficient to support a finding that the partnership acquired title to the property. See *Littleton v. Littleton*, 341 S.W.2d 484 (Tex. Civ.App. Houston 1960, writ ref'd n.r.e.); 44 Tex.Jur.2d Partnership § 39, p. 365. The evidence that Larry contracted to buy the house, whatever form that evidence took, was not evidence that the property became a partnership asset. In fact, it is inconsistent with that contention. And, if there was sufficient evidence to establish a lost written contract of sale or a partially performed oral contract, the remedy was damages or specific performance in favor of the purchaser Larry Jewell, not a decree that the property had become a partnership asset. 52 Tex.Jur.2d Specific Performance § 92, pp. 638–640.

By cross-point, Larry Jewell urges that if the house did not become an asset of the partnership the court should have found in his favor on the alleged contract of sale. The evidence on that point was conflicting and was not of such character as would compel the conclusion that there was a binding contract as a matter of law. The question remains one for the finder of fact to determine.

Because the evidence is insufficient to support the trial court's judgment, that judgment is reversed and the cause is remanded. In view of this disposition, it is not necessary for us to pass upon appellant's point complaining of the failure of the trial court to file findings of fact and conclusions of law.

Reversed and remanded.