# NO. 12-18-00088-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAIME ALEXANDRA ETHERIDGE, APPELLANT* | *§* | *APPEAL FROM THE 294TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *ERIC SCOTT OPITZ, SCOTT OPITZ AND DIANE OPITZ, APPELLEES* | *§* | *VAN ZANDT COUNTY, TEXAS* |

## *OPINION*

We deny Appellant Jaime Alexandra Etheridge's motion for rehearing. We deny Appellees Eric Scott Opitz, Scott Opitz, and Diane Opitz's motion for rehearing. On the court's own motion, we withdraw our opinion issued March 29, 2019 and vacate our judgment of that date. The following is now the opinion of this court.

Jaime Alexandra Etheridge appeals from the trial court's judgment in her suit against Eric Scott Opitz, Scott Opitz, and Diane Opitz for post-divorce division of property and for partition. In six issues, she complains that the evidence is insufficient to support the jury findings, and the trial court erred in allowing the case to be tried on an unpled theory, admitting certain expert testimony, submitting a jury instruction regarding partnership property, and including in the judgment a recitation that it serves as a muniment of title. We reverse in part and modify and affirm in part.

## BACKGROUND

Eric and Jaime married in November 2000 and divorced in October 2010. The divorce decree awarded the parties' residence to Eric and ordered that Eric shall pay the balance due on the promissory note on the property. The decree specifically divested Jaime of any interest in the parties' residence. The decree awarded Eric the community interest in the business known as

Summit Dairy, including furniture, fixtures, machinery, equipment, and personal property used in connection with the operation of the business, and all rights and privileges arising out of or in connection with the operation of the business. The decree awarded Jaime $50,000 for "her community interest in the marital residence and in the business known as Summit Dairy . . . ." The decree also ordered that Eric shall pay any and all debts associated with Summit Dairy and he must remove Jaime's name from any Summit Dairy debt.

In 2014, Jaime filed suit against Eric for post-divorce division of property alleging that the divorce decree did not divide six tracts of land the couple purchased during their marriage. She also named Eric's parents, Scott and Diane Opitz, as third-party respondents, alleging that she and Eric purchased three of those tracts of land jointly with Scott and Diane. Additionally, she sought partition of the three tracts purchased by all four parties.

After a jury trial, the trial court rendered judgment that Jaime take nothing and that the judgment shall serve as a muniment of title of all property awarded to Eric, Scott, and Diane. This appeal followed.

## UNPLED THEORY

In her first issue, Jamie contends the trial court erred in allowing Eric, Scott, and Diane to present their case to the jury based on a new, unpled theory that the property was owned by the Summit Dairy partnership. She asserts that rule of civil procedure 93(2) requires a verified pleading that Jaime held an interest in the property in the capacity of partner. Additionally, she argues that Rule 93(4) requires a verified plea because their assertion that the partnership owns the properties is a claim that there is a defect in parties. For these same reasons, in her fifth issue, Jamie asserts that the trial court erred by rendering a judgment that does not conform to the pleadings.

Texas Rule of Civil Procedure 93 requires that a pleading asserting that a plaintiff is not entitled to recover in the capacity in which she sues or that the defendant is not liable in the capacity in which he is sued must be verified by affidavit. TEX. R. CIV. P. 93(2). The issue of capacity "is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). A party has capacity to participate in a lawsuit when he has the legal authority to act. *Nootsie, Ltd. v. Williamson Cty.*

2

*Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996). Rule 93 also requires a verified affidavit accompanying a pleading that asserts that there is a defect in parties. TEX. R. CIV. P. 93(4).

Rule 93 is inapplicable here. Eric, Scott, and Diane have not argued that any of the parties lack legal authority to act. Neither are they arguing that there is a defect in parties. They are propounding the theory that the properties belong to the partnership pursuant to partnership law. *See* TEX. BUS. ORGS. CODE ANN. § 152.102 (West 2012). They do not need a verified pleading to argue application of partnership law. We overrule Jaime's first and fifth issues.

## ADMISSIBILITY OF EVIDENCE

In her fourth issue, Jaime contends the trial court abused its discretion by admitting testimony of Paul Anema. She complains that Eric, Scott, and Diane did not timely identify Anema as a witness in response to a request for disclosure and failed to include his name on the designation of witnesses that was filed with the court. Her complaint centers on his testimony concerning the source of funds used to purchase the properties at issue.

The inclusion and exclusion of evidence is committed to the sound discretion of the trial court. *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000). The trial court abuses its discretion only when it acts without reference to any guiding rules or principles. *E.I. du Pont de Nemours and Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). Even if the trial court errs in admitting evidence, such error requires reversal only if it probably caused the rendition of an improper judgment. *See GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 620 (Tex. 1999). An erroneous admission is harmless if it is cumulative of other evidence. *Id*.

On the first day of the trial, Jaime testified that she wrote the checks to pay for the land out of Summit Dairy's account. Additionally, Eric testified that Summit Dairy pays for the land and it belongs to Summit Dairy. He explained that the down payments and the monthly payments for the tracts of land at issue were made with Summit Dairy partnership funds. He stated that everything that was purchased was purchased for Summit Dairy. He later reiterated that Summit Dairy owns all of the property and pays the taxes, insurance, and maintenance costs. He testified that neither he nor Jaime ever wrote a personal check to pay for anything on that property.

On the second day of the trial, Anema, an accountant who prepared the tax returns for Summit Dairy, Eric, and Jaime, testified that Summit Dairy made payments on all of the properties at issue. He stated that Eric and Jaime never reported to him that they made any payments on

3

anything associated with Summit Dairy. He also testified that Summit Dairy owns all of the property at issue.

Accordingly, even assuming the trial court erred in admitting Anema's testimony, it was cumulative of previously admitted evidence showing that the partnership paid for the land. Therefore, its admission was harmless. *See id.* We overrule Jaime's fourth issue.

### JURY INSTRUCTION

In her third issue, Jaime contends the trial court erred in submitting a jury instruction on Texas Business Organizations Code Section 152.102 regarding classification of property as partnership property. She argues that the instruction was not supported by the pleadings or relevant to the issues being tried. She also asserts it did not aid the jury in answering the questions and instead misled the jury.

The trial court shall submit instructions and definitions to the jury that are necessary to enable the jury to render a verdict. TEX. R. CIV. P. 277. An instruction is proper if it finds support in any evidence of probative value and if it might be of some assistance to the jury in answering the questions submitted. *La.-Pac. Corp. v. Knighten*, 976 S.W.2d 674, 676 (Tex. 1998) (per curiam). We review the trial court's submission of instructions and jury questions under an abuse of discretion standard. *Toles v. Toles*, 45 S.W.3d 252, 263 (Tex. App.–Dallas 2001, pet. denied).

The jury charge included the text of business organizations code Section 152.102 as follows:

(a) Property is partnership property if acquired in the name of:
(1) the partnership; or
(2) one or more partners, regardless of whether the name of the partnership is indicated, if the instrument transferring title to the property indicates:
(A) the person's capacity as a partner; or
(B) the existence of a partnership.

(b) Property is presumed to be partnership property if acquired with partnership property, regardless of whether the property is acquired as provided by Subsection (a).

(c) Property acquired in the name of one or more partners is presumed to be the partner's property, regardless of whether the property is used for partnership purposes, if the instrument transferring title to the property does not indicate the person's capacity as a partner or the existence of a partnership, and if the property is not acquired with partnership property.

(d) For purposes of this section, property is acquired in the name of the partnership by a transfer to:
(1) the partnership in its name; or

4

     (2) one or more partners in the partners' capacity as partners in the partnership, if the name of the partnership is indicated in the instrument transferring title to the property.

The charge also included an instruction that family code Section 3.002 provides that property possessed by either spouse during or on dissolution of marriage is presumed to be community property. The question submitted to the jury asked: "Does Jaime Etheridge (formerly Jaime Opitz) have an ownership interest in any of the following tracts of land? Answer 'Yes' or 'No' as to each tract." Each tract was listed, and the jury answered "no" as to each.

Jaime requested the court partition six tracts of land purchased while she and Eric were married. Eric, Scott, and Diane asserted that the court could not partition the property because it belonged to the family partnership, Summit Dairy. As we stated above, they did not have to include this theory in their answer to Jaime's petition.

The evidence shows that all six tracts of land were purchased while Jaime and Eric were married. As explained below, whether the property was partnership property is key to the determination of the issues raised in Jaime's suit. Further, there was testimony that all of the land was purchased with partnership funds, for use by the partnership. Accordingly, the instruction finds support in the evidence and might be of some assistance to the jury in answering the accompanying question. *See **Knighten***, 976 S.W.2d at 676. The trial court did not abuse its discretion in submitting the instruction on partnership property. *See **Toles***, 45 S.W.3d at 263. We overrule Jaime's third issue.

## SUFFICIENCY OF THE EVIDENCE

In her second issue, Jaime asserts the evidence is legally and factually insufficient to support the jury's determination that she had no interest in the six properties at issue. She argues that ownership of the six properties was transferred by deed to Jaime, Eric, Scott, and Diane, individually, and there was no transfer of title to Summit Dairy. She also asserts that ownership of the six tracts was overlooked by the parties and not transferred by the divorce decree. Based on the same rationale, Jaime also argues that the trial court erred in failing to grant her a new trial and in failing to render a judgment notwithstanding the jury verdict.

5

**Standard of Review**

When a party attacks the legal sufficiency of an adverse finding on which she had the burden of proof, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of her proposed disposition. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). In a matter of law challenge, we first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 821-22 (Tex. 2005); *Dow Chem. Co.*, 46 S.W.3d at 241. If there is no evidence to support the finding, we will examine the entire record in order to determine whether the contrary proposition is established as a matter of law. *Id*. Anything more than a scintilla of evidence is legally sufficient to support the finding. *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 69 (Tex. 2000). The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair minded people to reach the verdict under review. *City of Keller*, 168 S.W.3d at 827.

When a party attacks the factual sufficiency of an adverse finding on which she bore the burden of proof, she must establish that the finding is against the great weight and preponderance of the evidence. *Dow Chemical Co.*, 46 S.W.3d at 242. In reviewing the factual sufficiency of the evidence, we must examine the entire record, considering both the evidence in favor of, and contrary to, the challenged findings. *See Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406-07 (Tex. 1998). The jury is the sole judge of the credibility of the witnesses and the weight to afford their testimony. *City of Keller*, 168 S.W.3d at 819. The jury may choose to believe one witness over another, and a reviewing court cannot impose its own opinion to the contrary. *Id*.

An attack on the denial of a motion for judgment notwithstanding the verdict is an attack on the legal sufficiency of the evidence to support the jury verdict. *See id*. at 823. When reviewing a trial court's ruling on a motion for new trial, we generally apply the abuse of discretion standard. *Manjlai v. Manjlai*, 447 S.W.3d 376, 379 (Tex. App.−Houston [14th Dist.] 2014, pet. denied). If the motion for new trial is based on a challenge to the sufficiency of the evidence supporting the verdict, we review the trial court's denial of the motion by applying the standard of review that corresponds to the sufficiency challenge. *Id*.

An ultimate or material fact may be proven by either direct or circumstantial evidence. *Browning-Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 928 (Tex. 1993). A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

6

*Blount v. Bordens, Inc.*, 910 S.W.2d 931, 933 (Tex. 1995) (per curiam). Circumstantial evidence must be evaluated in light of all the known circumstances. *City of Keller*, 168 S.W.3d at 813-14. When the circumstantial evidence of a vital fact is meager, a reviewing court must consider not just favorable but all the circumstantial evidence and competing inferences as well. *Id*. at 814. If circumstantial evidence, when viewed in light of all the known circumstances, is equally consistent with either of two facts, then neither fact may be inferred. *Id*. at 813-14. The evidence is insufficient if jurors would have to guess whether a vital fact exists. *Id*. at 813. To sustain a finding of fact based on circumstantial evidence it must be shown that one conclusion or inference is more probable than any other. *$56,700 in U.S. Currency v. State*, 730 S.W.2d 659, 662 (Tex. 1987).

An inference is a fact or proposition drawn from an admitted or otherwise proven fact. *See Marshall Field Stores, Inc. v. Gardiner*, 859 S.W.2d 391, 400 (Tex. App.−Houston [1st Dist.] 1993, writ dis'd w.o.j.) (op. on reh'g). It is a logical consequence flowing from a proven fact. *Id*. However, a vital fact may not be established by piling an inference upon another inference. *Schlumberger Well Surveying Corp. v. Nortex Oil and Gas Corp.*, 435 S.W.2d 854, 858 (Tex. 1968). Thus, facts from which an inference may properly be drawn must be established by direct evidence, not by other inferences. *Sheehan v. Adams*, 320 S.W.3d 890, 896 (Tex. App.−Dallas 2010, no pet.). If it is based on other inferences, it does not constitute evidence. *Id*. at 895; *Ice Bros., Inc. v. Bannowsky*, 840 S.W.2d 57, 61 (Tex. App.−El Paso 1992, no writ).

## Applicable Law

### *Community Property*

Characterization of property as either community or separate is determined by the time and circumstances of its acquisition, that is, the inception of title to the property. *Rivera v. Hernandez*, 441 S.W.3d 413, 420 (Tex. App.−El Paso 2014, pet. denied). Inception of title occurs when a party first has a right of claim to the property by virtue of which title is finally vested. *Id*. Property possessed by either spouse during or on dissolution of marriage is presumed to be community property. TEX. FAM. CODE ANN. § 3.003(a) (West 2006). If the inception of title occurred after the marriage began, then the property is generally considered to be community property. *See Tarver v. Tarver*, 394 S.W.2d 780, 783 (Tex. 1965). The statutory presumption places upon the party against whom it operates the burden of producing evidence to overcome it. *Roach v. Roach*, 672 S.W.2d 524, 530 (Tex. App.−Amarillo 1984, no writ). The party claiming the property as his

separate property has the burden of tracing the source of the funds used to purchase the property. *See Rivera*, 441 S.W.3d at 425. If a divorce decree fails to provide for a division of community property, the husband and wife become tenants in common or joint owners of that property. **Busby v. Busby**, 457 S.W.2d 551, 554 (Tex. 1970). In a post-divorce partition suit, the court has the power to divide the undivided property in a manner that it deems just and right. TEX. FAM. CODE ANN. § 9.203(a) (West 2006).

*Partnership Property*

Property is presumed to be partnership property if acquired with partnership property. TEX. BUS. ORGS. CODE ANN. § 152.102. The burden to rebut the presumption is on the party who contends it is not partnership property. *See Conrad v. Judson*, 465 S.W.2d 819, 828 (Tex. Civ. App.−Dallas 1971, writ ref'd n.r.e.). Whether property used in the partnership operation is owned by the partnership is a question of intention. **King v. Evans**, 791 S.W.2d 531, 533 (Tex. App.−San Antonio 1990, writ denied). The party who contends it is not partnership property must obtain an affirmative jury finding on that issue. **Conrad**, 465 S.W.2d at 828. If that question was not presented to the jury and was necessary, the trial court would be presumed to have found from the evidence the omitted facts necessary to support the judgment, if there is evidence in the record to authorize the presumed finding. **Id**. at 829.

Partnership property is not property of the partners. TEX. BUS. ORGS. CODE ANN. § 152.101. Neither a partner nor a partner's spouse has any interest in partnership property. **Id**. All property brought into the partnership is partnership property and does not retain either a community or separate property nature for purposes of community property principles relating to marriage. **Lifshutz v. Lifshutz**, 199 S.W.3d 9, 27 (Tex. App.−San Antonio 2006, pet. denied).

*Presumptions*

A presumption is a procedural device by which the existence of one fact (presumed fact) is assumed from evidence of the existence of another fact (basic or predicate fact). *See Empire Gas & Fuel Co. v. Muegge*, 143 S.W.2d 763, 767 (Tex. 1940). If a presumed fact is not rebutted by contradictory evidence, the trier of fact is required to reach a particular conclusion. **Temple Indep. Sch. Dist. v. English**, 896 S.W.2d 167, 169 (Tex. 1995). The opponent has to produce evidence in rebuttal that is sufficient to support a finding of the nonexistence of the presumed fact, at which time the presumed fact disappears. **Id**.

**Analysis**

As explained above, the jury was instructed on two statutory presumptions. Property is presumed to be partnership property if acquired with partnership property and property possessed by either spouse during marriage is presumed to be community property. TEX. BUS. ORGS. CODE ANN. § 152.102; TEX. FAM. CODE ANN. § 3.003. While the overriding question is whether the properties at issue were community or partnership property, the precise vital fact at issue here is the date on which the partnership was formed. The jury was not asked to determine the date the partnership was formed. The jury was asked if Jaime had an ownership interest in any of the listed tracts of land. Its negative response required implied findings that the land was purchased with partnership funds and is partnership property. *See* TEX. R. CIV. P. 279; ***Conrad***, 465 S.W.2d at 829. Likewise, the jury's response also required an implied finding that the partnership was formed before any of the tracts of land were purchased. To address Jaime's sufficiency complaint, we must consider the effect of the convergence of the two statutory presumptions and whether the evidence supports the implied findings.

When asked when the partnership began, Eric testified, "I believe that was 2002." He later agreed with counsel when asked if the partnership "started in 2002, approximately." On July 6, 2009, Eric and Scott executed a sworn Memorandum of Partnership Agreement stating that they entered into a partnership agreement dated November 1, 2002, to operate a commercial dairy known as Summit Dairy. Eric testified without elaboration that this was not the original agreement.

On May 17, 2002, Jaime, Eric, Scott, and Diane executed warranty deeds for two tracts of land, a 60 acre tract and a 142 acre tract, and in August 2002, they executed a warranty deed for a third tract, a 130.3 acre tract that included the home where Jaime and Eric resided. The warranty deeds for these three properties are in the individual names of the four parties. In each of the years 2005, 2006, and 2008, Jaime and Eric purchased an additional tract of land. The warranty deeds for these three tracts are in Jaime's and Eric's names. Eric testified that the partnership paid the down payments and the monthly payments on all six of the properties.

The date the partnership was formed is critical to the determination of whether any of the six tracts of land are community or partnership property. Although no testimony pinpointed the exact date the partnership was formed, Eric, Scott, and Diane argue that Eric's testimony

9

sufficiently supports the jury's implied finding that the partnership was formed before the six tracts of land were purchased.

### Properties Deeded in 2002

There is no direct testimony stating the precise date the partnership was formed. There is, however, direct documentary evidence in the form of the November 1, 2002 partnership agreement. Eric's testimony that there was a prior agreement does not in any way help the jury determine specific dates. Although Eric referenced down payments and monthly payments, there is no evidence of how many payments were made, when they were paid, or whether there were multiple payments on different dates. There is no such evidence as to any of the properties at issue. Anema, the accountant, testified that Summit Dairy made the payments on all of the properties. He did not testify as to when the partnership was formed or when it began making the payments. We note that he began providing accounting advice for Summit Dairy in 2004, long after the partnership was formed. Further, the record contains no tracing evidence demonstrating the source of the funds used to make payments on the property.

For the jury to conclude, based on Eric's testimony, that Jamie had no interest in the land, it would have to infer the partnership was formed by May 17, 2002, and the land was paid for after the partnership was formed. Further, the jury had to infer when down payments or other payments were made, some of which were likely on different dates for at least some of the tracts.

In the absence of proof of the date the partnership was formed, or proof of when payments were made, there is no direct evidence from which it could be inferred that the partnership was in existence when the deeds for the first three tracts of land were executed. *See Marshall Field Stores, Inc.*, 859 S.W.3d at 400. If, from Eric's testimony, the jury inferred that the partnership was formed before any payment was made, and also inferred that the payment was made on or after May 17, 2002, this was impermissible inference stacking. *Sheehan*, 320 S.W.3d at 896.

Two different inferences could be drawn from Eric's testimony that the partnership was formed in 2002-- that it was formed before any payments were made or that it was formed after at least one payment was made. This evidence must be evaluated in light of Eric's testimony that the partnership paid for the land as well as the absence of evidence of dates of payments or any tracing of payments to show who made the payments and where the funds originated. To reach its conclusion that Jaime had no interest in the land, the jury had to infer that the unknown date of payment was after the unknown date of formation of the partnership. However, the evidence is

10

equally consistent with the inference that the unknown date of payment was before the unknown date of formation. There is nothing in the record to make one inference more compelling than the other. Neither fact may be inferred. *See City of Keller*, 168 S.W.3d at 813-14. Further, the jury disregarded the only direct evidence of the date of formation of the partnership, the written partnership agreement, and merely guessed at the date of formation. *See id*. at 813.

Eric's testimony that 1) the partnership was formed in 2002, 2) it paid for the land, and 3) the November partnership agreement was not the first agreement is less than a mere scintilla of evidence that the partnership was formed before the land was purchased. *See Zimlich*, 29 S.W.3d at 69. Nothing else in the record corroborates the probability of the fact's existence or non-existence, that is, formation of the partnership prior to payment for the land. *See C. Green Scaping, L.P. v. Westfield Ins. Co.*, 248 S.W.3d 779, 784 (Tex. App.−Fort Worth 2008, no pet.). Furthermore, it was not reasonable for the jury to ignore the written partnership agreement which identified the specific date in 2002 on which the partnership was formed. *See City of Keller*, 168 S.W.3d at 820. The jury's implied findings that the partnership was formed before land was purchased, the three tracts purchased in 2002 are partnership property, and Jaime has no interest in the properties are supported by only meager circumstantial evidence which does not rise above a scintilla. This is legally insufficient. *Id*. at 813. Because the evidence is legally insufficient to show the partnership was in existence before November 1, 2002, we turn to application of community property law to address ownership of the three properties deeded to the parties in 2002.

Jaime and Eric were married when the first three properties were purchased, making their ownership interests in those tracts presumptively community property. *See* TEX. FAM. CODE ANN. § 3.003(a); *Tarver*, 394 S.W.2d at 783. Thus, the inception of the title was in Jaime and Eric upon the dates of the deeds. *See Rivera*, 441 S.W.3d at 420. Because the divorce decree did not divide these properties, it appears that the trial court found, during divorce proceedings, that they were partnership property. As explained above, these properties were not proven to be owned by the partnership, and the failure to divide the three community property tracts resulted in post-divorce joint ownership by Jaime and Eric. *See Busby*, 457 S.W.2d at 554.

Eric had the burden to rebut the community property presumption. *See Rivera*, 441 S.W.3d at 425. Eric attempted to do so when he testified that these properties were purchased with partnership funds. However, the only probative evidence of the date of the formation of the partnership shows that it was established after these three properties were deeded to Jaime, Eric,

11

Scott, and Diane. The community character of property is determined by the date of the deed, not by the date the purchase price is paid. *See Roach*, 672 S.W.2d at 530-31. Eric did not rebut the presumption that these three tracts are community property. There is no evidence to support the implied finding that these tracts were purchased with partnership funds.

In the absence of evidence rebutting the presumption that these three properties were community property, we look to the record for evidence of any conveyance to the partnership. To convey to the partnership title to property owned by one partner at the formation of the partnership, or to make such property a partnership asset, there must be a written agreement, the same as any other contract for the sale of land. *Pappas v. Gounaris*, 311 S.W.2d 644, 646 (Tex. 1958). Eric testified that there are no conveyances from Jaime or Eric into Summit Dairy. Accordingly, there is no evidence to support the implied finding that these three tracts are partnership property. *See Jewell v. Jewell*, 602 S.W.2d 315, 317 (Tex. Civ. App.–Texarkana 1980, no writ) (held that, where husband and wife acquired title to land before formation of partnership, and there was no evidence of any conveyance by them to the partnership, evidence was insufficient to support a finding that the partnership acquired title to the property).

There being no evidence to support the finding, we consider the entire record to determine whether the contrary proposition is established as a matter of law. *See Dow Chem. Co.*, 46 S.W.3d at 241. The record shows these tracts were purchased during the marriage of Jaime and Eric. We conclude that all vital facts in support of the contrary proposition, that Jaime has a community property interest in the three tracts, is established as a matter of law. *See id*. Therefore, the trial court's judgment erroneously divested Jaime of her community property interests in the three properties deeded to the parties before November 1, 2002. Further, with regard to these three tracts, the trial court erred in denying Jaime's motion for judgment notwithstanding the verdict and her motion for new trial. *See City of Keller*, 168 S.W.3d at 823; *Manjlai*, 447 S.W.3d at 379. We sustain Jaime's second issue to the extent she complains of the determination that she has no ownership interest in the three tracts deeded to the parties in 2002.

### *Properties Deeded After 2002*

The question of the sufficiency of the evidence to support the determination of ownership of the three tracts purchased after November 1, 2002, requires a separate analysis. Purchased during the marriage, these properties are also presumptively community property. *See* TEX. FAM. CODE ANN. § 3.003(a). However, the signed partnership agreement stating that the partnership

was formed November 1, 2002, supports the implied finding that the partnership was in existence when the parties purchased land in 2005, 2006, and 2008. Moreover, Eric's testimony that the existing partnership paid for these properties, from the purchase date, is sufficient to rebut the community property presumption. *See English*, 896 S.W.2d at 169. His testimony also launched the presumption that the property is partnership property. *See* TEX. BUS. ORGS. CODE ANN. § 152.102. The burden was on Jaime to rebut this presumption. *Conrad*, 465 S.W.2d at 828. Jaime did not present evidence rebutting this presumption or evidence assailing the claim that the property was purchased with partnership funds.

Unlike the scenario involving the first three properties, when land is acquired for purposes of an existing partnership but is held in a partner's name, the partnership's claim to the land is not barred by the absence of a written document of conveyance. *King*, 791 S.W.2d at 532. Whether property used in the partnership operation is owned by the partnership is a question of intention. *Id*. at 533.

Jaime testified that she wrote checks to pay for the land out of Summit Dairy's account. Eric testified, "We are Summit Dairy. Summit Dairy pays for it." He said the down payment and the monthly payments were made with partnership funds, and everything that was purchased was purchased for Summit Dairy. Eric testified that neither he nor Jaime ever wrote a check out of their personal funds to pay for "anything on that property." There is no evidence to the contrary. Thus, the evidence shows the parties intended the property to be partnership property. Further, it is of no consequence that legal title is in the names of Jaime and Eric or that Jaime was not a partner. *See id*. The evidence is legally and factually sufficient to support the implied findings that these three tracts were purchased with partnership funds and are partnership property. *See Conrad*, 465 S.W.2d at 828-29. Likewise, the evidence supports the jury's finding that Jaime has no ownership interest in the three tracts purchased in 2005, 2006, and 2008. Additionally, the trial court did not err in denying Jaime's motion for judgment notwithstanding the verdict and her motion for new trial as to these three tracts. *See City of Keller*, 168 S.W.3d at 823; *Manjlai*, 447 S.W.3d at 379.

We overrule Jaime's second issue to the extent she complains of the sufficiency of the evidence to support the jury's determination that she has no ownership interest in the three properties purchased in 2005, 2006, and 2008.

## MUNIMENT OF TITLE

In her sixth issue, Jaime asserts that the trial court erred in rendering a judgment that is contrary to the jury verdict. She correctly asserts that the jury determined that Jaime had no ownership interest in the properties based on the theory that the properties were owned by the partnership, Summit Dairy. The judgment, however, purports to award the property to Eric, Scott, and Diane and contains a recital that it shall serve as a muniment of title.

The judgment includes the following paragraph:

> 7. This judgment shall serve as muniment of title of all property awarded herein, and further described in the attached Exhibits A-F, to Defendants, SCOTT OPITZ, DIANE OPITZ and/or ERIC OPITZ in this judgment.

A muniment of title is documentary evidence of title. *Muniment of Title*, BLACK'S LAW DICTIONARY (10th ed. 2014). Where a final judgment vests title in, or divests a party of, title to her property, it constitutes a link in the chain of title, that is, a muniment of title. *See **Ellis v. Le Bow***, 74 S.W. 528, 536-37 (Tex. 1903). Here, as explained above, Jaime has an ownership interest in the three properties purchased in 2002, and the attempt to divest her of her interest in those properties was improper. The judgment's purported award of these tracts and declaration that it is a muniment of title as to these tracts is erroneous. Additionally, even though the jury correctly determined that the partnership owns the three properties purchased after 2002, the partnership did not obtain title through this lawsuit. Therefore, the judgment is not part of its chain of title. Moreover, inasmuch as the properties are owned by the partnership and not Eric, Scott, and Diane, the judgment improperly attempts to award the properties to them as individuals.

We have the authority to modify incorrect judgments when the necessary information is available to do so. *See* TEX. R. APP. P. 43.2(b); ***Mullins v. Mullins***, 202 S.W.3d 869, 878 (Tex. App.−Dallas 2006, pet. denied). Accordingly, we reform the trial court's judgment by deleting its paragraph 7. We sustain Jaime's sixth issue.

## DISPOSITION

Because the trial court erroneously divested Jaime of her community property interest in the three properties purchased in 2002, we ***reverse*** that portion of the trial court's judgment ordering that Jaime take nothing on her claims of ownership of those three tracts of land.

14

We *remand* the cause to the trial court for further proceedings in accordance with this opinion. *See Stradt v. First Methodist Church of Huntington*, 573 S.W.2d 186, 190 (Tex. 1978); *Rittgers v. Rittgers*, 802 S.W.2d 109, 115 (Tex. App.−Corpus Christi 1990, writ denied); *Smith*, 541 S.W.2d at 277-78.

We *modify* the judgment to *delete* paragraph 7 which attempts to create a muniment of title.

As *modified*, we *affirm* the remainder of the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 28, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 28, 2019

NO. 12-18-00088-CV

**JAIME ALEXANDRA ETHERIDGE,**
Appellant
V.
**ERIC SCOTT OPITZ, SCOTT OPITZ AND DIANE OPITZ,**
Appellees

Appeal from the 294th District Court
of Van Zandt County, Texas (Tr.Ct.No. 14-00171)

THIS CAUSE came to be heard on the oral arguments, appellate record, and the briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment of the court below. In accordance with this court's opinion of this date, the judgment of the trial court is **reversed** and **remanded** in part, **modified** in part, and, as modified, **affirmed** as follows:

It is therefore ORDERED, ADJUDGED and DECREED that the following portion of the trial court's judgment is **DELETED**:

7. This judgment shall serve as muniment of title of all property awarded herein, and further described in the attached Exhibits A -F, to Defendants, SCOTT OPITZ, DIANE OPITZ and/or ERIC OPITZ in this judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the portion of the judgment ordering that Jaime Alexandra Etheridge take nothing on her claims of ownership of the 60 acre tract of land and the 142 acre tract of land purchased on May 17, 2002, and the 130.3 acre tract of land purchased on August 19, 2002, is **reversed** and the cause is **remanded** to the trial court for further proceedings in accordance with this court's opinion.

It is further ORDERED, ADJUDGED and DECREED that, as **modified**, the remainder of the judgment of the court below is **affirmed**.  It is further ORDERED that each party bear its own costs in this cause expended in this court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*